THE STATE OF OHIO *v.* WOODS.

(No. 84-CR-5239—Decided August 30, 1984.)

Court of Common Pleas of Clermont County.

*Richard Ferenc,* assistant prosecuting attorney, for plaintiff.
*John Woliver,* for defendant.

RINGLAND, J. This matter came before the court on a pretrial issue to determine whether or not testimony of a psychiatrist concerning his evaluation of defendant's intelligence and suggestibility would be permissible at trial. The court and parties have treated this proceeding as a motion *in limine.*

Defendant, Cynthia Woods, is charged with violation of R.C. 2925.03(A)(1), knowingly selling or offering to sell a controlled substance. Defendant desires to raise the defense of entrapment and has moved that the court permit her to be able to introduce at trial the testimony of a psychiatrist as to traits which are relevant to the entrapment element of predisposition. The state of Ohio, in opposition, argues that such testimony relates intrinsically to the culpable mental state of defendant, and that because the state of Ohio does not recognize the partial defense of diminished capacity, testimony of a psychiatrist as to defendant's diminished culpable state because of a per-

sonality trait of "susceptibility to inducement" would be improper.

In *State* v. *Doran* (1983), 5 Ohio St. 3d 187, the Supreme Court of Ohio adopted the "subjective test" of entrapment as an affirmative defense. The subjective test is as follows: Where the criminal design for an offense originates with government agents and they implant in the mind of an innocent person the disposition to commit the act and induce its commission, the defendant has been entrapped; likewise, there is no entrapment when an agent merely affords the opportunity for the offense and the accused had a predisposition to commit the offense. See, also, *State* v. *Metcalf* (1977), 60 Ohio App. 2d 212, 218 [14 O.O.3d 186] (citing *Sherman* v. *United States* [1958], 356 U.S. 369); *State* v. *Hsie* (1973), 36 Ohio App. 2d 99 [65 O.O.2d 99]; *United States* v. *Grimes* (C.A. 6, 1971), 438 F.2d 391, certiorari denied (1971), 402 U.S. 989.

Thus, the claim of entrapment under the subjective test is comprised of a two-part factual analysis focusing (1) upon the conduct of the government to implant the disposition to commit an offense and (2) the accused's predisposition or non-predisposition to commit the act. *Doran, supra.*

There appears to be no Ohio case on point with the issues presented herein. However, the Third Circuit Court of Appeals in *United States* v. *Hill* (C.A. 3, 1981), 655 F.2d 512, has determined that testimony by an expert psychiatrist concerning defendant's susceptibility to influence may be relevant to an entrapment defense and an expert's opinion on the susceptibility issue may aid the jury in its determination of critical issues of inducement and predisposition, the facets of entrapment. Thus, an expert's conclusion regarding susceptibility, if based upon an adequate factual foundation, must be admitted on the issues of predisposition and inducement. The court determined, however, that the expert would not be permitted to give testimony about the effect of the government's "skill and cunning" upon the accused's susceptibility.

Although Ohio cases are not instructive on this matter, some states which follow the "subjective test" for entrapment have determined that, provided the inducement by the law enforcement officer was not shocking or offensive, the only issue is predisposition of the defendant; once government instigation is shown, the "ultimate" question becomes the predisposition issue. See 21 American Jurisprudence 2d (1981) 374, Criminal Law, Section 205. Even were Ohio to be said to follow this manner of employing the "subjective test," the psychiatrist would yet not be permitted to testify as to his opinion on predisposition beyond simply indicating defendant's susceptibility to suggestion, because to do so, would be allowing the expert to invade the jury's province by drawing an ultimate conclusion on the issue of "predisposition" which is not beyond the competence of the jury nor of such a highly technical nature to be beyond the jury's capability of resolution. *McQueen* v. *Goldey* (1984), 20 Ohio App. 3d 41.

The court would note that the approach suggested by the state of Ohio, that psychiatric testimony or susceptibility is impermissible as it intrinsically relates to a diminished capacity defense which is not recognized by Ohio, *State* v. *Wilcox* (1982), 70 Ohio St. 2d 182 [24 O.O.3d 284], is not germane to the instant matter. The court would find no indication in *Wilcox* that it is to be applied more broadly than in a situation where an accused asserts his partial incapacity to form a *specific* intent to commit an offense as a type of partial insanity defense. The *Wilcox* holding does not concern the employment of the entrapment defense at all, because given the nature of the defense, the defendant admits his

guilt concerning the offense charged and all of its elements, including the requisite mental state, see *United States* v. *Hill, supra* (citing *United States* v. *Watson* [C.A. 3, 1973], 489 F.2d 504), whereas with diminished capacity he would challenge his ability to form the requisite intent in the first instance. The defense of entrapment rather entails the determination of the origin of the criminal intent, whether with the accused or with the government's agents, and the analysis relating to the accused's predisposition and susceptibility to inducement is but one facet of the overall analysis of the origination of the intent.

Given that Ohio cases have held that the "defense" of entrapment entails a two-prong analysis which incorporates both the predisposition of the defendant, and the actions of the government as an inducement, the testimony of a psychiatrist may not make a conclusion on the "ultimate issue" of entrapment, but may only go to the *traits* showing a predisposition or non-predisposition of defendant to do the act (*e.g.*, defendant highly gullible, open to suggestion, susceptible to being tricked, *etc.*), because analysis of the actions of the law enforcement officers is clearly outside the expertise of a psychiatrist, and opinion evidence on such and as to the ultimate issue would invade the jury's province. *McQueen, supra.*

By way of conclusion, defendant shall be permitted to introduce expert psychiatric testimony as to any susceptibility to influence or suggestion as relevant to the predisposition issue. The expert may testify as to his conclusion, if any, regarding susceptibility, and to the underlying factual data giving rise to his conclusion of susceptibility. The expert shall not however testify as to the actions of government agents or their effect upon the defendant's susceptibility nor as to the ultimate issue of the existence of entrapment which is within the province of the jury.

*Judgment accordingly.*