THE STATE OF OHIO, APPELLEE, *v.*
BOYCE, APPELLANT. ■

(Nos. 84AP-569 and -570—Decided
February 14, 1985.)

*Michael Miller,* prosecuting attorney, and *Karen L. Martin,* for appellee.

*James Kura,* county public defender, and *Allen V. Adair,* for appellant.

─────

STERN, J. Appellant, James A. Boyce, was indicted and convicted by a jury of twelve counts of a series of aggravated robberies, kidnapping, gross sexual imposition and felonious assault charges in two indictments, which were tried together. An entry of *nolle prosequi* was made as to count twelve in case No. 83CR-06-1712 after the jury was selected and sworn. The jury returned guilty verdicts on all charges and on affirmative firearm specifications in each count where such specifications were recited with the other relevant charges in the indictments. The trial court sentenced the appellant on eight counts of aggravated felonies of the first degree, four counts of kidnapping and one count of felonious assault as aggravated felonies of the second degree; the sentence as to the gross sexual imposition charge was designated as a fourth degree felony.

The appellant presents the following assignment of error as the predicate for this appeal:

"The jury's affirmative findings on firearm specifications were not supported by the evidence."

Appellant contends that, in order for the jury to find him guilty of having a firearm in his possession or under his control when committing such offense, the specification had to be supported by sufficient evidence to meet the definition of a "firearm" as set out in R.C. 2923.11(B). R.C. 2929.71(A) requires the imposition of a three-year additional term of actual incarceration, if it is found that the offender had a "firearm" while committing any felony other than carrying a concealed weapon. R.C. 2923.11(B) defines a "firearm" as a deadly weapon capable of expelling a projectile by the action of an explosive propellant, and R.C. 2923.11(A) defines "deadly weapon" as a device capable of inflicting death, and designed or specially adapted for use as a weapon, or carried as a weapon.

R.C. 2929.71(A) requires that the offender be "convicted of" the specification. Accordingly, the state must prove each element of the specification, even though the conduct defined by the specification does not constitute a separate crime, but, instead, involves enhanced punishment. See *State* v. *Broadus* (1984), 14 Ohio App. 3d 443. The elements required to be established are:

1. The offender is convicted of, or pleads guilty to, a felony other than a violation of R.C. 2923.12; and

2. The offender, while committing the felony, had on or about his person or under his control a device which conforms to the definitions found in R.C. 2923.11(A) and (B), so that it is both a "deadly weapon" and a "firearm."

The cases relied upon by the state in its position on this assignment of error are primarily *State* v. *Meek* (1978), 53 Ohio St. 2d 35 [7 O.O.3d 121], and *State* v. *Vondenberg* (1980), 61 Ohio St. 2d 285 [15 O.O.3d 349]. In *Meek,* the Supreme Court held that an unloaded gun satisfied the definition of "deadly weapon" for purposes of the aggravated robbery statute, and in *Vondenberg,* the court further determined that it was not necessary for the prosecutor to prove that a gun was capable of firing a projectile, in order to satisfy the deadly weapon element of aggravated robbery. Because both those cases involved a determination of whether or not a device was a "deadly weapon," it is difficult to quarrel with the Supreme Court's conclusions. However, here, when dealing with the specification charged under R.C. 2929.71(A), the trier of fact must determine whether the device was a firearm, and that requires evidence that the device was capable of expelling a projectile by the action of an explosive or combustible propellant, as well as evidence that the device was a deadly weapon.

Proof of this element does not require that the state actually come into possession of the firearm — the fact required to be proved may be inferred from other evidence. For example, it might be inferred from testimony that a gunshot was heard, that the room smelled of gunpowder, that a bullet hole or expelled cartridge was found, or that the offender was seen to load and cock the gun. The point is, that the General Assembly required a higher degree of proof for the specification than it did for proving the deadly weapon element of the underlying felony of aggravated robbery.

Because the record is devoid of sufficient evidence from which one could reasonably infer that defendant was involved with a firearm, the assignment of error is sustained. The sentences of imprisonment imposed as to this assignment of error are reversed and are ordered remanded to the trial court for resentencing.

*Judgment accordingly.*

NORRIS and REILLY, JJ., concur.

STERN, J., retired, of the Supreme Court of Ohio, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.