THE STATE OF OHIO, APPELLEE, *v.* WILLIAMS, APPELLANT.

(No. 54629—Decided
November 21, 1988.)

*John T. Corrigan*, prosecuting attorney, and *Donald Butler*, for appellee.

*Ronald C. Balbier* and *C. Douglas Lovett*, for appellant.

MARKUS, J. The defendant appeals from her jury trial conviction for aggravated robbery, with a penalty-enhancing specification for possessing a firearm.[1] She complains that the state sought to prove her guilt by showing her participation in a different robbery two years earlier. The circumstances of the earlier robbery lacked sufficient correlation to the present charge, and the remaining evidence of the offender's identity was less than clear. Hence, we hold that the disputed evidence was prejudicially improper.

I

The state relied on testimony from the victim of this offense, a victim of another robbery two years earlier, and an investigating police officer. The defendant cross-examined those witnesses and testified in her own defense.

The victim testified that a woman robbed him of his paycheck proceeds while he stopped his car at a traffic light. It was dusk on a warm August evening, and his car windows were open. The street lights were just beginning to operate, and his parking lights were on. He stated that the offense occurred at approximately 8:15 p.m.,
though his original statement to the police reported that it occurred at 10:30 p.m.

He said that he saw and heard a woman call out to ask if he wanted a date, as he slowed for that intersection. He was listening to his car radio and ignored her until she approached the driver's door and placed a cocked handgun near his head. He looked at her briefly, then turned back to concentrate on complying with her instructions.

She told him to put the gear shift in "park," opened his car door, and took his money from his pants pocket. She then ran across the street and out of his sight. After he tried unsuccessfully to pursue her, he called the police from a streetside public telephone. When they did not respond, he called a friend who met him there and directed him to the police station. He was not sure whether he described the offender to the police that night. However, he recalled her race and her approximate age and size. She had a long braid and wore a silver and green body suit.

Approximately one week later, the police showed him four to five hundred slides, but he did not see the offender in any of them. Several days later, the police showed him seventy to eighty photographs of people whom the police described as known prostitutes. He identified the defendant as the robber, in one of those photos, and again at the trial.

Over the defendant's objection, the state called the victim of an earlier robbery for which the defendant had been convicted on a guilty plea. The earlier

---

[1] Our disposition of the defendant's appeal eliminates any reason to consider the unassigned plain error relating to her conviction for the firearm specification. Without evidence that the offender had an operable firearm, the state could not properly obtain that conviction. *State* v. *Cunningham* (Jan. 23, 1985), Cuyahoga App. No. 48558, unreported; *State* v. *Boyce* (1985), 21 Ohio App. 3d 153, 21 OBR 163, 486 N.E. 2d 1246; *State* v. *Johnson* (Nov. 27, 1985), Cuyahoga App. No. 49901, unreported.

robbery had occurred two years before this robbery and at least four miles from the place this robbery occurred.

According to this witness, the defendant approached his stopped car at a traffic light and asked if he and his passenger wanted a date. When they declined, she said she had a gun in her purse, directed the witness's friend to move to the back seat, and entered the car herself. She then directed the witness to drive into a parking lot across the street, where she obtained money from the passenger.

When the witness refused to give her his money, she removed the car keys and blew the car's horn. Three men emerged from an adjacent building, ordered the witness and his passenger out of the car, and forcibly robbed them. This witness positively identified the defendant as a participant in that earlier robbery, though he denied ever seeing a gun.

In her testimony, the defendant admitted her involvement in the earlier robbery, but denied committing the offense on trial. She admitted that she was a prostitute and that she had prior convictions for other offenses, including the earlier robbery described by the state's witness.

## II

Evid. R. 404(B) governs the admissibility of the disputed evidence:

"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

The contested evidence encouraged the jury to infer that the defendant committed this robbery because she participated in an earlier robbery. The rule precludes the use of such evidence for that purpose, since the decider may well give that fact grossly disproportionate weight. *State* v. *Thompson* (1981), 66 Ohio St. 2d 496, 497-498, 20 O.O. 3d 411, 412, 422 N.E. 2d 855, 857. Jurors might easily conclude that a person who once committed a robbery has a propensity to commit another robbery. Cf. *State* v. *Hector* (1969), 19 Ohio St. 2d 167, 175-176, 48 O.O. 2d 199, 204, 249 N.E. 2d 912, 915. However, the fact that a person committed an earlier robbery has minimal probative value in deciding whether that same person committed a specific later robbery.

The state asserts that it offered the contested evidence for multiple permissible purposes, including proof of the robber's identity in the present offense. It presented evidence that this defendant committed the first robbery. It argues that the two robberies were so similar that the jury could reasonably conclude the same person committed both offenses. Evidence about the earlier act may be admissible for that purpose, if circumstances surrounding the two acts support that finding.

The unfair prejudicial effect of the contested evidence substantially outweighed its probative value, if it were offered for some other purpose. See Evid. R. 403(A); cf. *State* v. *Matthews* (1984), 14 Ohio App. 3d 440, 443, 14 OBR 559, 562, 471 N.E. 2d 849, 852.

In ruling on the defendant's objection, the court should consider the time, location, and method used for the two acts. *State* v. *Burson* (1974), 38 Ohio St. 2d 157, 159, 67 O.O. 2d 174, 176, 311 N.E. 2d 526, 528; *State* v. *Snowden* (1976), 49 Ohio App. 2d 7, 10, 3 O.O. 3d 92, 95, 359 N.E. 2d 87, 89. The likelihood that the same actor performed two acts increases when they are closer in time and place, and decreases when they are more remote. People tend to frequent the same areas during the same parts of their lives.

Further, the likelihood that the same actor performed both acts increases when the details of the two acts are more nearly identical, particularly when they are more nearly unique. *State* v. *DePina* (1984), 21 Ohio App. 3d 91, 92, 21 OBR 97, 98, 486 N.E. 2d 1155, 1157. People tend to perform specific acts in the same manner when they perform them again.

In this case, the two events are relatively remote in time and place. The previous robbery occurred two years earlier and four miles from the site of the present crime. However, the state insists that the offender in each crime acted so similarly that there is a strong likelihood they are the same person. In fact, the similarity is limited to three facts: (a) the offender was a woman, (b) the offender approached the victim while the victim stopped his car at a traffic light, and (c) the offender initially proposed sexual activity.

On the other hand, the two acts differed in certain significant respects: (a) the second robber openly displayed a gun while the first robber only referred to one, (b) the second robber completed the crime in the street, while the first robber entered the car and directed the driver to a nearby location before committing the robbery, (c) the second robber apparently acted alone while the first robber used male accomplices to complete the robbery, and (d) the second robber fled from the victim within seconds while the first robber remained with the victim for ten to fifteen minutes.

Neither offense involved idiosyncratic conduct. Cf. *State* v. *DePina, supra.* Each involved an apparent prostitute who robbed a victim at a traffic light in a large city with many prostitutes who reputedly commit robberies. Without more information, a jury could not reasonably conclude that the same person committed both robberies. The court should have sus-tained the defendant's objection and excluded the challenged evidence. Cf. *State* v. *DeMarco* (1987), 31 Ohio St. 3d 191, 194, 31 OBR 390, 393, 509 N.E. 2d 1256, 1259.

Inadmissible evidence about a prior crime is prejudicial, unless the reviewing court finds beyond a reasonable doubt that it did not affect the outcome. Cf. *State* v. *Allen* (1987), 29 Ohio St. 3d 53, 55, 29 OBR 436, 438, 506 N.E. 2d 199, 201; *State* v. *Thompson, supra,* at 499, 20 O.O. 3d at 413, 422 N.E. 2d at 858; *State* v. *Lewin* (1984), 11 Ohio St. 3d 172, 175, 11 OBR 486, 489, 464 N.E. 2d 552, 555. In this case, the victim had limited opportunity to observe the offender and seemingly identified her principally by her hair style. The defendant denied that she committed this robbery. We cannot say that the improper evidence lacked substantial significance to the jury's resolution of the disputed identity issue.

Consequently, we sustain the defendant's single assignment of error. Accordingly, we reverse the trial court's judgment and remand the case for a new trial.

*Judgment reversed*
*and cause remanded.*

NAHRA, J., concurs.

KRUPANSKY, J., dissents.