JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Jeffery Friedlander, appeals from the judgment of the common pleas court, rendered after a jury verdict, finding him guilty of attempted aggravated murder and conspiracy to commit aggravated murder, as indicted. He contends that the evidence was insufficient to sustain his convictions, the convictions were against the manifest weight of the evidence, his trial counsel was ineffective, and the trial court erred in convicting him of both attempted aggravated murder and conspiracy to commit aggravated murder. We affirm Friedlander's conviction for conspiracy to commit aggravated murder and vacate his conviction for attempted aggravated murder.
 {¶ 2} The evidence adduced at trial demonstrated that on October 12, 2006, an informant named Eddy contacted Cleveland police sergeant Ronald Ross. Eddy had previously worked as an informant for Ross. Eddy told Ross that he was "freaked out," because Friedlander planned to hire a "hit man" to murder David Siss. Eddy gave Ross Friedlander's telephone number and four days later, Ross spoke with Friedlander on the telephone and pretended to be a hit man named "Ted." In a subsequent telephone conversation several days later, Friedlander arranged to meet Ross in the parking lot of a restaurant.
 {¶ 3} During that meeting, Friedlander gave Ross a paper which listed Siss's name and address, and stated, "Best Time — Mon-Thurs, Evenings — Not on the Weekends." Friedlander also showed Ross pictures of his van, which Ross was to *Page 3 
hold as collateral until he received full payment for the job. Friedlander and Ross then drove to Siss's house so Friedlander could show Ross where Siss lived. After more discussion about the cost of the job, and Friedlander's admission that if he had not found Ross, "I'd still be looking, I guess, or I might have done it myself," undercover officers moved in and arrested Friedlander.
 {¶ 4} Recordings of Ross's telephone conversations and his meeting with Friedlander were played for the jury and transcripts of the recordings were made court exhibits.
 {¶ 5} After the trial court denied defense counsel's Crim. R. 29(A) motion for acquittal, Friedlander testified in his own defense. He denied any intent to kill Siss, and asserted that the idea originated with Eddy and he felt pressured by Eddy to participate in the scheme. He acknowledged that it was his voice on the tapes, but contended that the tapes had been spliced to insert answers he gave to the police during his interrogation after his arrest.
 {¶ 6} The jury subsequently found Friedlander guilty of both counts; the journal entry of sentencing indicates that the trial court sentenced him to five years on each count, to be served concurrently. Friedlander raises four assignments of error on appeal.
Insufficiency and Manifest Weight of the Evidence
 {¶ 7} In his first assignment of error, Friedlander contends that the evidence was insufficient to supports his convictions for attempted aggravated murder and *Page 4 
conspiracy to commit attempted aggravated murder. In his second assignment of error, Friedlander contends that his convictions were against the manifest weight of the evidence.
 {¶ 8} An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 9} While the test for sufficiency requires a determination of whether the State has met its burden of production at trial, a manifest weight challenge questions whether the State has met its burden of persuasion. State v. Thompkins (1997), 78 Ohio St.3d 380, 390. When considering a manifest weight challenge, a reviewing court examines the entire record, weighs the evidence, and considers the credibility of the witnesses. State v. Thomas (1982), 70 Ohio St.2d 79, 80. The court may reverse the judgment of conviction if it appears that the jury, in resolving conflicts in the evidence, "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Thompkins at 387. A court should reverse a conviction as against the manifest weight of the evidence only *Page 5 
in the most "exceptional case in which the evidence weighs heavily against the conviction." Id. A finding that a conviction was supported by the manifest weight of the evidence necessarily includes a finding of sufficiency. Id. at 388; State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462.
 {¶ 10} Under R.C. 2923.01(A), the conspiracy statute under which Friedlander was charged, "no person, with purpose to commit or to promote or facilitate the commission of aggravated murder shall * * * (1) [w]ith another person or persons, plan or aid in planning the commission of [aggravated murder]." The accused shall not be convicted of conspiracy unless a substantial overt act in furtherance of the conspiracy is alleged and proved to have been done by the accused or a person with whom he conspired, subsequent to the accused's entrance into the conspiracy. R.C. 2923.01(B). An overt act is "an open act, done outwardly, without attempt at concealment, and manifesting a specific intent or design." State v. Papp (1980), 68 Ohio App.2d 21, 23. An overt act is "substantial" when it is "of such character as to manifest a purpose on the part of the actor that the object of the conspiracy should be completed." R.C. 2923.01(B).
 {¶ 11} R.C. 2923.02(A) defines "attempt" broadly as "conduct that, if successful, would constitute or result in the offense." Elaborating on the statutory definition, the Ohio Supreme Court has stated that a "criminal attempt" is when one purposely does anything which constitutes a "substantial step in a course of conduct *Page 6 
planned to culminate in the commission of the crime." State v.Group, 98 Ohio St.3d 248, 2002-Ohio-7247, at 1J101, citing State v.Woods (1976), 48 Ohio St.2d 127, paragraph one of the syllabus.
 {¶ 12} The offense of which Friedlander was convicted of attempting and conspiring to commit is aggravated murder, as set forth in R.C. 2903.01(A). Under this statute, "[n]o person shall purposely, and with prior calculation and design, cause the death of another * * *." A person acts purposely when it is his specific intention to cause a certain result or he engages in conduct that will cause that result. See R.C. 2901.22(A).
 {¶ 13} In this case, there was ample, compelling evidence that Friedlander committed a substantial overt act in furtherance of the conspiracy to murder David Siss. In his first telephone conversation with Ross, Friedlander admitted that he had asked Eddy to contact Ross. When Ross and Friedlander spoke again several days later, they discussed payment arrangements and whether Friedlander had something to put up as collateral for the job. When they met later that evening, Friedlander showed Ross pictures of his van, which was to be the collateral for the job, and the two men discussed how much it was worth and what the job would cost. Friedlander told Ross that he would "make sure" that Ross got paid for his work. He also gave Ross a paper which contained the typewritten names of Siss and his wife, their address, and the "best time" to find Siss at that address, and he pointed out Siss's house to Ross when the men drove down Siss's street. *Page 7 
 {¶ 14} Ross and Friedlander also discussed how the murder was to take place. When Ross asked Friedlander if he wanted it "done up close and personal," or if he wanted "a message sent," Friedlander stated, "I don't care * * * I just want the kid protected and I don't think she's gonna be."
 {¶ 15} In light of this evidence, the jury did not lose its way in finding Friedlander guilty of conspiracy to commit aggravated murder. Friedlander's words and actions were sufficient evidence of substantial overt acts in furtherance of the conspiracy. He spoke with an undercover police detective whom he thought was the hit man, and made arrangements for the murders. He agreed on a price and made payment arrangements. All of these acts were acts in furtherance of the conspiracy. State v.Andrejic, Cuyahoga App. No. 79700, 2002-Ohio-1649, citing State v.Ayers (Mar. 16, 2001), Erie App. No. E-99-066; State v. Dapice (1989),57 Ohio App.3d 99, 104, overruled on other grounds, State v.Childs, 88 Ohio St.3d 194, 2000-Ohio-298.
 {¶ 16} Friedlander's argument that there was no "direct evidence that [he] acted in furtherance of the crime" and was merely trying to sell his van to Ross is belied by the record cited above. Likewise, the plain language of the recorded statements refutes his argument that Eddy was the instigator of the plot to murder Siss and that he tried to stop what Eddy and Ross were planning. Finally, although Friedlander argues that the jury lost its way in convicting him because his testimony was credible, the weight to be given the evidence and the credibility of the witnesses *Page 8 
are primarily matters for the trier of fact. State v. DeHass (1976),10 Ohio St.2d 230, paragraph one of the syllabus. "When conflicting evidence is presented at trial, a conviction is not against the manifest weight of the evidence simply because the jury believed the prosecution testimony." State v. Gilliam (Aug. 12, 1998), Lorain App. No. 97CA006757.
 {¶ 17} After examining the entire record, weighing the evidence, and considering the credibility of the witnesses, it is apparent the jury did not lose its way in finding Friedlander guilty of conspiracy to commit aggravated murder.
 {¶ 18} There was insufficient evidence, however, to sustain Friedlander's conviction for attempted aggravated murder. This court has found that "the acts of requesting someone to commit a murder and giving him a gun, setting up a meeting with a hit man, and paying the hit man $200 are mere preparations" for the intended crime, not an attempt to commit the crime. State v. Valenta (June 28, 2001), Cuyahoga App. No. 78232, citing Dapice, supra. As noted by the Ninth District Court of Appeals in Dapice, "in order to commit an attempt, the conduct would have to include some action toward the consummation of the intended crime, after the preparations had been made. An attempt, thus, requires an act sufficiently proximate to the crime intended." Id. at 104. (Internal citations omitted.)
 {¶ 19} Here, the State presented no evidence of any further act by Friedlander after the preparations for Siss's murder had been completed. Accordingly, there *Page 9 
was insufficient evidence to sustain his conviction for attempted aggravated murder and the trial court should have granted an acquittal on that charge.
 {¶ 20} Appellant's first and second assignments of error are sustained in part and overruled in part.
Ineffective Assistance of Counsel
 {¶ 21} In his third assignment of error, Friedlander contends that he was denied effective assistance of counsel because counsel did not raise the defenses of entrapment and abandonment.
 {¶ 22} To reverse a conviction for ineffective assistance of counsel, the defendant must prove that counsel's performance fell below an objective standard of reasonableness and the defendant was prejudiced thereby. State v. Drummond, 111 Ohio St.3d 14, 2006-Ohio-5084, at ¶ 205, citing Strickland v. Washington (1984), 466 U.S. 668, 80 L.Ed.2d 674,104 S.Ct. 2052. Prejudice is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland at 694.
 {¶ 23} The defense of entrapment requires a showing that the criminal design originated with the government and that the disposition to commit the crime was implanted in the mind of an innocent person. State v.Doran (1983), 5 Ohio St.3d 187, paragraph one of the syllabus. *Page 10 
 {¶ 24} We conclude that counsel's decision not to argue entrapment was a tactical decision which we will not second-guess. See State v.Edwards (1997), 119 Ohio App.3d 106, 110.
 {¶ 25} First, Friedlander's self-serving testimony at trial that the idea of using a hit man to kill Siss originated with Eddy and that he just "fell into a trap" was totally uncorroborated. It was also simply incredible in light of Friedlander's actions and conversations with Ross, as demonstrated by the recordings. Furthermore, a person is not entrapped merely because a police officer initiates contact with a defendant nor because a law enforcement officer merely affords an opportunity for the commission of the offense. State v. Fuller (Sept. 26, 1997), Hamilton App. No. C-960753; Dapice at 105, citingSorrells v. United States (1932), 287 U.S. 435.
 {¶ 26} Moreover, if the defense of entrapment is established, the State can rebut the entrapment defense by showing that the defendant was predisposed to commit the crime and that the State merely provided the opportunity to commit the crime. Doran at 192. The record demonstrates that the trial court granted defense counsel's motion in limine to preclude evidence of Friedlander's prior conviction of felonious assault with gun specifications. If counsel had argued entrapment, it is likely that evidence of Friedlander's prior conviction would have been admissible to demonstrate his propensity to commit a violent act, in rebuttal of his entrapment defense. *Page 11 
 {¶ 27} Friedlander's argument that defense counsel was ineffective for not raising the defense of abandonment is similarly without merit, because counsel pursued this defense. The record reflects that counsel elicited testimony from Friedlander on his examination regarding his alleged attempts to abandon the plot and that counsel argued abandonment to the jury. Furthermore, the trial court instructed the jury on this defense.
 {¶ 28} Finally, Friedlander argues that counsel was ineffective for not objecting to his convictions for both conspiracy to commit aggravated murder and attempted aggravated murder. Friedlander contends that R.C. 2923.01(G) precludes a conviction for conspiracy to commit aggravated murder and attempted aggravated murder.
 {¶ 29} Under R.C. 2923.01(G), "[w]hen a person is convicted of committing or attempting to commit a specific offense * * *, the person shall not be convicted of conspiracy involving the same offense." Likewise, under R.C. 2923.02(C), regarding attempt, "[n]o person who is convicted of committing a specific offense * * * or of conspiracy to commit such offense, shall be convicted of an attempt to commit the same offense in violation of this section."
 {¶ 30} Friedlander argues trial counsel was ineffective because, if he had properly objected, the judge would have instructed the jury that he could only be convicted of one charge. Friedlander misconstrues the term "conviction." *Page 12 
 {¶ 31} A "judgment of conviction" includes both a finding of guilt and the imposition of sentence. State v. Poindexter (1988), 36 Ohio St.3d 1,5; State v. Henderson (1979), 58 Ohio St.2d 171, 178. "Looking at these two statutes, R.C. 2923.01(G) and 2923.02(C), the legislature has made it clear that when a person is found guilty of both conspiracy and attempt, the trial court may sentence on either offense-the conspiracy or the attempt-but it may not sentence on both offenses."Dapice at 102. See, also, State v. Russell (Dec. 10, 1999), Montgomery App. No. 17278. Thus, the jury could render a finding of guilty on both charges, but the trial court could properly sentence on only one charge.
 {¶ 32} Appellant's third assignment of error is therefore overruled.
Sentencing
 {¶ 33} In his fourth assignment of error, Friedlander argues that the trial court erred in sentencing him on both the conviction for conspiracy to commit aggravated murder and the conviction for attempted aggravated murder. Because we vacated Friedlander's conviction for attempted aggravated murder, this assignment of error is overruled as moot.
 {¶ 34} Friedlander's conviction for conspiracy to commit aggravated murder is sustained; his conviction for attempted aggravated murder is vacated. The matter is remanded with instructions to the trial court to enter an order vacating Friedlander's conviction for attempted aggravated murder.
 It is ordered that appellant recover from appellee costs herein taxed. *Page 13 
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 JAMES J. SWEENEY, A.J., and ANN DYKE, J., CONCUR *Page 1