The State of Ohio, Appellee, *v.* Papp, Appellant.

(No. 79AP-694—Decided March 13, 1980.)

*Mr. George C. Smith,* prosecuting attorney, and *Ms. Joyce S. Anderson,* for appellee.

*Bradley & Burge Co., L.P.A., Mr. Jack W. Bradley* and *Mr. James M. Burge,* for appellant.

Whiteside, J. Defendant-appellant, Timothy Papp, appeals from his conviction in the Court of Common Pleas of Franklin County of conspiracy to commit aggravated murder and raises a single assignment of error as follows:

"The trial court erred and to the prejudice of appellant by not dismissing the indictment against him, on its face, for its failure to charge an offense under Ohio Revised Code, Section 2923.01, Conspiracy, in that the indictment failed to allege that appellant had committed any substantial overt act in furtherance of the alleged conspiracy, as required by law."

The underlying facts in this case are not pertinent inasmuch as defendant's only contention is that the indictment

does not state an offense. Originally, defendant was indicted on two counts of conspiracy to commit aggravated murder, but the trial court consolidated the two counts into one, namely, the first count of the indictment, which alleges that defendant:

"***on or about the 15th day of September, 1978, continuing through the 25th day of November, 1978, within the County of Franklin aforesaid, in violation of section 2923.01, of the Ohio Revised Code with purpose to commit or to promote or facilitate the commission of Aggravated Murder, Revised Code 2903.01(A), did plan or aid in planning the commission of Aggravated Murder with Hugh Thom, or agree with Hugh Thom that one or more of them would engage in conduct which would facilitate the commission of the Aggravated Murder of Antoinette (Toni) Buswell, and subsequent to the said Timothy Papp's entrance into such plan or agreement, Timothy Papp committed with Hugh Thom, named herein as an unindicted co-conspirator, the following substantial overt acts in furtherance of the conspiracy:

"(1) on or about the 15th day of September, 1978, through the 3rd day of October, 1978, Timothy Papp discussed and planned with Hugh Thom at the Columbus Correctional Facility, Columbus, Ohio, the commission of the Aggravated Murder of Antoinette (Toni) Buswell,

"(2) on or about the 11th day of October, 1978, Timothy Papp wrote a letter to inmates Peter Mihalic and Denny Kehn with instructions that it be given to Hugh Thom, stating that Hugh Thom was not only to continue towards his commission of the Aggravated Murder of Antoinette (Toni) Buswell, but was now to include Joseph R. Grunda, Prosecuting Attorney of Lorain County, Ohio, in the commission of Aggravated Murder at a price of $100,000.,

"(3) on or about the 25th day of November, 1978, Timothy Papp wrote to Hugh Thom in response to Hugh Thom's letter of November 22, 1978, in which he asked Hugh Thom to carry out the Aggravated Murders of Antoinette (Toni) Buswell and Joseph R. Grunda with payment to be made at some future date."

Defendant's sole contention is that the foregoing allegations are not sufficient to comply with the requirements of R. C. 2923.01(B), which provides that:

"No person shall be convicted of conspiracy unless a substantial overt act in furtherance of the conspiracy is alleged and proved to have been done by him or a person with whom he conspired, subsequent to the accused's entrance into the conspiracy. For purposes of this section, an overt act is substantial when it is of such character as to manifest a purpose on the part of the actor that the object of the conspiracy should be completed."

The three numbered paragraphs of the indictment, as set forth *supra,* do allege the commission of acts on the part of the defendant. However, the allegation of the first numbered paragraph of the indictment, rather than alleging acts in furtherance of the conspiracy, appears to allege the conspiracy itself, namely, the discussion and planning of the conspiracy between defendant and Thom, which constitutes the offense of conspiracy in accordance with R. C. 2923.01(A)(1). R. C. 2923.01 reads, in relevant part, as follows:

"(A) No person, with purpose to commit or to promote or facilitate the commission of aggravated murder***shall do either of the following:

"(1) With another person or persons, plan or aid in planning the commission of any such offense[.]"

Thus, we agree with defendant, that the first numbered paragraph of the indictment does not allege a substantial overt act in furtherance of the conspiracy, as required by R. C. 2923.01(B).

However, the second and third numbered paragraphs do relate to acts in furtherance of the conspiracy. These paragraphs relate to two letters written by defendant; and, in both letters, defendant allegedly made an offer to pay Thom a substantial price for committing the murder.

Defendant, however, contends that defendant's acts with respect to these two letters were not substantial overt acts, specifically contending that the acts were covert, rather than overt, relying upon specific dictionary definitions. The state, on the other hand, relies upon other definitions of the phrase "overt act."

Basically, all the lexicographers are in agreement as to the meaning of the word "overt" as used in the phrase "overt act." Basically, an overt act is an open act, done outwardly, without attempt at concealment, and performed pursuant to and manifesting a specific intent or design.

Here, there can be no question that the allegation of the indictment is that the two letters manifested defendant's intent. Although the only allegation with respect to the second letter (see the third numbered paragraph of the indictment, *supra*) is that defendant wrote it, there is some suggestion, although not direct, that defendant in some manner caused it to be forwarded or sent to his alleged co-conspirator, Thom.

With respect to the first letter (see the second numbered paragraph of the indictment, *supra*), however, the allegation, specifically, is that defendant gave the letter to two other persons to deliver to Thom. There is no indication that these two persons were also co-conspirators; yet, according to the allegation of the indictment, defendant made no effort to conceal any information from these two persons. Such action can hardly be considered "covert."

The mailing of a letter is an overt act. Obviously, there is no attempt to conceal the fact that the person sending the letter is directing it to the addressee. This is especially true if the letter bears a return address. Thus, the sending of a letter in itself constitutes an overt act. In both of the letters involved herein, defendant allegedly made an offer to pay a substantial sum to Thom for committing the planned murders. From the totality of the allegations, and with specific reference to the second numbered paragraph, we find that the allegations of the indictment are sufficient to meet the requirements of R. C. 2923.01(B).

In making this determination, one must be mindful that, here, we are dealing with the allegations of the indictment, only. R. C. 2923.01(B) requires not only that a substantial overt act be alleged in the indictment, but also that it be proved. Here, we are only concerned with the allegations of the indictment; and, an indictment, necessarily, requires less detailed information than would be necessary to meet the standard of "proof beyond a reasonable doubt." The allegations in the indictment are only for the purpose of alleging probable cause to believe that the crime has been committed, rather than proving it beyond a reasonable doubt. Thus, we find that the allegations of the indictment are sufficient to allege probable cause to believe that defendant committed a substantial overt act in furtherance of the conspiracy. Obviously, more detailed evidence of the circumstances surrounding the two letters would

have to be adduced at trial; and, the indictment need not contain all of this detailed evidence.

The state also relies upon the decision of this court in *State v. Elzey* (Franklin Co. Ct. of Appeals No. 76AP-574, March 29, 1977), unreported. A careful reading of *Elzey*, however, indicates that the question of what constitutes a substantial overt act was not an issue in that case. Rather, this court noted that the evidence in that case was sufficient to constitute a conspiracy as defined by R. C. 2923.01; in that case, which involved a conspiracy to burglarize a dwelling, there was no question of an overt act since certain property had been removed from the dwelling, and was found in the backyard of the premises and in an adjacent alley. Here, however, we are concerned with what constitutes a substantial overt act, an issue not specifically addressed in *Elzey*.

However, for the reasons stated above, we conclude that the indictment is sufficient to allege a substantial overt act in furtherance of the conspiracy and, accordingly, states an offense. For this reason, the assignment of error is not well taken.

For the foregoing reasons, the assignment of error is overruled, and the judgment of the Court of Common Pleas of Franklin County is affirmed.

*Judgment affirmed.*

STRAUSBAUGH, P. J., and REILLY, J., concur.