This is an appeal of a Scioto County Common Pleas Court judgment of conviction and sentence. The jury found John M. Smith, defendant below and appellant herein, guilty of conspiracy to trafficking in drugs and possession of drugs, complicity to trafficking in drugs, and complicity to possession of criminal tools.
Appellant raises the following assignments of error.
FIRST ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT IN NOT GRANTING THE
 APPELLANT'S MOTION TO DISMISS ALL THREE COUNTS OF THE INDICTMENT."
SECOND ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT IN RECEIVING A VERDICT WHICH CONTAINED A FATAL, INCURABLE DEFECT IN THAT IT FOUND DEFENDANT-APPELLANT GUILTY OF CONSPIRACY TO TRAFFICKING IN DRUGS AND NEITHER THE DEGREE OF THE OFFENSE, NOR THE SPECIFIC DRUG, OR DRUGS INVOLVED WERE DELINEATED."
THIRD ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT IN RECEIVING A VERDICT WHICH CONTAINED A FATAL INCURABLE DEFECT IN THAT IT FOUND DEFENDANT-APPELLANT GUILTY OF COMPLICITY TO TRAFFICKING IN DRUGS AND NEITHER THE DEGREE OF THE OFFENSE, NOR THE SPECIFIC DRUG, OR DRUGS INVOLVED WERE DELINEATED."
FOURTH ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT IN RECEIVING A VERDICT WHICH CONTAINED A FATAL, INCURABLE DEFECT IN THAT IT FOUND DEFENDANT-APPELLANT GUILTY OF COMPLICITY TO POSSESSION OF CRIMINAL TOOLS AND THE DEGREE OF THE OFFENSE WAS NOT DELINEATED."
FIFTH ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF THE APPELLANT BY OVERRULING TRIAL COUNSEL'S MOTION FOR A MISTRIAL CUE TO THE JURY POOL BEING TAINTED BY EXPOSURE TO THE STATE OF OHIO'S EVIDENCE PRIOR TO THE SELECTION OF THE JURY AND COMMENCEMENT OF TRIAL."
SIXTH ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT BY ADMITTING HEARSAY TESTIMONY OVER COUNSEL'S OBJECTION."
SEVENTH ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF THE APPELLANT BY OVERRULING THE MOTION FOR ACQUITTAL PURSUANT TO CRIMINAL RULE 29."
EIGHTH ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF THE APPELLANT BY GIVING A LIMITED INSTRUCTION TO THE JURY AFTER COMPLETION OF THE JURY INSTRUCTIONS."
On July 22, 1997, the Scioto County Grand Jury returned a three count indictment. Prior to trial, appellant moved to dismiss all three counts of the indictment asserting that the indictment failed to sufficiently allege the offenses. The trial court overruled appellant's motion to dismiss.
On October 2, 1997, the jury found appellant guilty of all three counts of the indictment. Appellant filed a timely notice of appeal.
 I
In his first assignment of error, appellant argues that the trial court erred by failing to grant his motion to dismiss all three counts of the indictment. Appellant asserts that the indictment contains "fatal, incurable errors not subject to amendment." Appellant argues: (1) that the conspiracy offense charged in count one of the indictment is insufficient to charge an offense because the indictment does not name the specific controlled substances involved in the underlying drug possession offense; (2) that the complicity to trafficking offense charged in count two of the indictment is insufficient to charge an offense because the indictment fails to state an essential element of the offense, specifically the name or the schedule of the drug involved in the trafficking offense; and (3) that the complicity to possession of criminal tools offense charged in count three of the indictment is insufficient to state an offense because the indictment fails to allege that the criminal tools were being used in the commission of a felony.
The state candidly and admirably concedes that counts two and three of the indictment failed to specify essential elements of the offenses. The state maintains, however, that count one of the indictment, conspiracy to trafficking in drugs and to possession of drugs, sufficiently sets forth the offense.
Inasmuch as the state concedes that counts two and three are defective, we sustain appellant's first assignment of error as it relates to count two and count three of the indictment.
Furthermore, as we noted above appellant attacks the sufficiency of count one of the indictment.[2] Our review of the indictment reveals that count one of the indictment is defective. In particular, we note that count one fails to allege and specify any substantial, overt act committed in furtherance of the conspiracy. R.C. 2923.01(B) requires that an indictment allege that the defendant committed a specific substantial, overt act in furtherance of the conspiracy. SeeState v. Papp (1980), 68 Ohio App.2d 21, 426 N.E.2d 518;[3] Statev. Childs (Sept. 11, 1998), Montgomery App. No. 16325, unreported; State v. Cochran (Dec. 29, 1995), Clark App. 94-CA-80, unreported; State v. Pittman (Nov. 16, 1995), Cuyahoga App. No. 68163, unreported. (But see State v. Dapice
(1989), 57 Ohio App.3d 99, 566 N.E.2d 1261; State v.Blackshear (May 22, 1989), Stark App. No. CA-7658, unreported.) While the indictment charges that appellant and other individuals conspired to commit drug offenses, the indictment fails to identify or to specify any substantial, overt act committed by appellant or his co-conspirators. In Childs,supra, the court wrote:
 "A criminal defendant charged with a felony is entitled to an indictment setting forth the "nature and cause of the accusation" made against him. Section 10, Article I of the Ohio Constitution; State v. Sellards (1985), 17 Ohio St.3d 169, 170, 478 N.E.2d 781. The twofold purpose of an indictment is to enable the accused to prepare a defense against the charges being brought against him and to protect himself from future prosecution for the same offense. Id. The indictment must contain a statement that the defendant has committed a public offense. Crim.R. 7(B). The statement may be in the words of the statute allegedly violated, provided the words of that statute charge an offense, or in words sufficient to give the defendant notice of all the elements of the offense with which the defendant is charged. Id. If a material element of an offense is omitted from an indictment, the indictment is insufficient to charge an offense, State v. Cimpritz (1953), 158 Ohio St. 490, 493, 110 N.E.2d 416, and the omission is fatal to the validity of the indictment. Id. at paragraph three of the syllabus."
The Childs court further wrote:[4]
 "In our view, however, R.C. 2923.01(B) requires the State to allege a specific, substantial, overt act performed in furtherance of the conspiracy. See State v. Papp (1980), 68 Ohio App.2d 21, 426 N.E.2d 518, State v. Cochran (Dec. 29, 1995), Clark App. No. 94-CA-80, unreported. A fair, plain reading of the statute commands such a result. In particular, R.C. 2923.01(B) expressly requires that a substantial, overt act be alleged and proved beyond a reasonable doubt, in order for a defendant to be convicted of conspiracy. If the legislature had intended to require the State simply to allege that the defendant or one of his co-conspirators had performed a substantial, overt act in furtherance of the conspiracy, rather than to specify at least one of the substantial, overt acts allegedly performed, there was no need to include the word "allege" in R.C. 2923.01(B). Instead, it would have been sufficient to draft R.C. 2923.01(B) simply to require the State to prove that a substantial, overt act had been performed by the defendant or one of his co-conspirators. If R.C. 2923.01(B) had been so drafted, then making a generic allegation that a substantial, overt act had been committed, without specifying the act allegedly performed, would be acceptable. However, by failing to specify a substantial, overt act done in furtherance of the conspiracy by Childs or one of his co-conspirators, the State omitted a material element of conspiracy from count fourteen of the indictment, and, therefore, failed to charge the offense of conspiracy."
In the case sub judice we again note that the indictment, like the indictment in Childs, fails to specify a substantial, overt act committed in furtherance of the conspiracy. Thus, we agree with appellant that count one of the indictment is defective and fails to charge an offense. Accordingly, we sustain appellant's assignment of error.
Additionally, we note that the record reveals that the trial court did not instruct the jury on the elements of the underlying offenses of the conspiracy charge. When a defendant is charged with conspiracy, a trial court must instruct the jury on the essential elements of the underlying offense or offenses that form the basis of the conspiracy offense. SeeState v. Endicott (1994), 99 Ohio App.3d 688, 694,651 N.E.2d 1024, 1027 (citing 4 Ohio Jury Instructions (1993) 348, Section 523.01(3)). Failure to instruct the jury on the underlying offenses of the conspiracy charge may constitute plain error.Id.
In Endicott, the court noted that the state bears the burden of proving, beyond a reasonable doubt, all of the essential elements of conspiracy. The court further recognized that "[t]he jury alone is vested with evaluating the facts in a case and with determining whether, based upon the instructions of law given by the court, the facts show the existence of all of the essential elements for the crime for which the accused is charged." Id., 99 Ohio App.3d at 695, 651 N.E.2d at 1028. Accordingly, the trial court must instruct the jury on all of the essential elements of the offense charged. See State v.Comen (1990), 50 Ohio St.3d 206, 553 N.E.2d 640, paragraph two of the syllabus (stating that a trial court must not fail to "fully and completely give the jury all instructions which are relevant and necessary for the jury to weigh the evidence and discharge its duty as the fact finder"); State v. Joy (1995),74 Ohio St.3d 178, 181, 657 N.E.2d 503, 505.
In the case at bar, the state charged appellant with conspiracy to trafficking in drugs and to possession of drugs. R.C. 2923.01 sets forth the essential elements for a conspiracy offense. The conspiracy statute provides, in relevant part:
 (A) No person, with purpose to commit or to promote or facilitate the commission of * * * aggravated trafficking, trafficking in drugs * * * shall do either of the following:
 (1) With another person or persons, plan or aid in planning the commission of any such offense;
 (2) Agree with another person or persons that one or more of them will engage in conduct that facilitates the commission of any such offense.
R.C. 2925.03(A) sets forth the essential elements of trafficking in drugs: "No person shall knowingly sell or offer to sell a controlled substance." R.C. 2925.11(A) sets forth the essential elements of possession of drugs: "No person shall knowingly obtain, possess, or use a controlled substance."
Our review of the jury instructions reveals that the trial court did not instruct the jury on the trafficking and possession offenses that formed the basis for the conspiracy charge. The trial court instructed the jury as follows:
 "Before you can find the Defendant guilty, you must find beyond a reasonable doubt, that * * * the Defendant, with purpose to commit, promote or facilitate the commission of a felony drug trafficking offense and/or a felony drug possession offense with another person or person, planned the commission of such offense."
Although the trial court instructed the jury on the elements of conspiracy as set forth in R.C. 2923.01, the trial court did not instruct the jury on the underlying conspiracy offenses of "a felony drug trafficking offense" or "a felony drug possession offense" as set forth in R.C. 2925.03(A) and R.C.2925.11(A), respectively. The trial court fully instructed the jury as to the elements of conspiracy. The jury was not informed, however, of the essential elements of the trafficking and possession offenses that formed the basis of the conspiracy. Thus the jury, without being instructed on the underlying offenses, potentially failed to understand the elements needed to support the conspiracy conviction.
Accordingly, based upon the foregoing reasons, we reverse the trial court's judgment and remand the case for further proceedings consistent with this opinion. Appellant's remaining assignments of error and appellant's first assignment of error as it relates to the conspiracy count are rendered moot. See App. R. 12(A)(1)(c). Thus, we will not address appellant's remaining assigned errors.
JUDGMENT REVERSED AND CAUSE REMANDED FOR FURTHER PROCEEDINGSCONSISTENT WITH THIS OPINION.
 STATE V. SMITH, SCIOTO APP. NO. 97CA2547
[2] Count one of the indictment provides:
"The Jurors of the Grand Jury of the State of Ohio, within and for the body of the County aforesaid, on their oaths, in the name and by the authority of the State of Ohio, do find and present that from January 20, 1997 — January 29, 1997, and at unknown times prior thereto, at Scioto County, Ohio, John M. Smith conspired with Ernest Fugate, Lacy L. Jenkins and other unindicted co-conspirators and did with purpose to commit or promote or facilitate the commission of felony drug trafficking offenses, and felony drug possession offenses, to wit: Trafficking in Marijuana, a Schedule I controlled substance, in excess of bulk amount, Possession of Schedule II, II, and IV controlled substances in excess of bulk amount, and Possession of Marijuana in excess of bulk amount, in violation of O.R.C.2923.01 and O.R.C. 2925.03(A)(C)(3)(a), O.R.C.2925.11(A)(C)(2)(B) and O.R.C. 2925.11(C)(3)(C) and (D), conspiracy to trafficking in drugs and possession of drugs in excess of bulk amount. F-5 * * *."
[3] R.C. 2923.01(B) provides:
No person shall be convicted of conspiracy unless a substantial overt act in furtherance of the conspiracy is alleged and proved to have been done by him or a person with whom he conspired, subsequent to the accused's entrance into the conspiracy. For purposes of this section, an overt act is substantial when it is of such character as to manifest a purpose on the part of the actor that the object of the conspiracy should be completed.
[4] On December 23, 1998, the Ohio Supreme Court determined that a conflict exists between Childs and Dapice and Blackshear. The court ordered the parties in Childs to submit briefs to the court for further review and determination.