DECISION AND JOURNAL ENTRY
Defendant Rafeal Vega has appealed from his convictions in the Summit County Common Pleas Court on one count of engaging in a pattern of corrupt activity and one count of conspiracy to engage in a pattern of corrupt activity. This Court affirms.
 I.
On October 16, 1998, the Summit County Grand Jury rendered a one hundred twelve-count indictment involving thirty-one defendants, including Defendant. The indictment alleged that Defendant committed one count of engaging in a pattern of corrupt activity, in violation of R.C. 2923.32(A), and one count of conspiracy to engage in a pattern of corrupt activity, in violation of R.C. 2923.01(A)(2) and 2923.32(A). Defendant pleaded not guilty to the charges against him.
The case proceeded to a jury trial on June 14, 1999, with ten witnesses testifying on behalf of the State. Six of the witnesses were convicted felons and/or co-defendants named in the indictment. Defendant did not present any witnesses or evidence. After deliberating, the jury found Defendant guilty of both engaging in a pattern of corrupt activity and conspiracy to engage in a pattern of corrupt activity. The trial court imposed an aggregate prison term of ten years. Defendant has timely appealed, asserting two assignments of error.
 II. Assignment of Error Number One The convictions of [Defendant] for the charges of engaging in a pattern of corrupt activity and conspiracy to engage in a pattern of corrupt activity are against the manifest weight of the evidence and should be reversed.
In his first assignment of error, Defendant has argued that both convictions were against the manifest weight of the evidence. Specifically, Defendant has asserted that there is no evidence that he engaged in a pattern of corrupt activity, was involved in an enterprise, and that the evidence presented during the trial was not credible. This Court disagrees.
When a defendant asserts that his conviction is against the manifest weight of the evidence,
 an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
 State v. Otten (1986), 33 Ohio App.3d 339, 340. This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
 A. Engaging in a Pattern of Corrupt Activity
This Court will first address Defendant's conviction on one count of engaging in a pattern of corrupt activity. R.C.2923.32(A) states in relevant part:
 (1) No person employed by, or associated with, any enterprise shall conduct or participate in, directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity.
 (2) No person, through a pattern of corrupt activity * * *, shall acquire or maintain, directly or indirectly, any interest in, or control of, any enterprise or real property.
As used in the statute, "`[e]nterprise' includes any individual, sole proprietorship, partnership, limited partnership, corporation, trust, union, government agency, or other legal entity, or any organization, association, or group of persons associated in fact although not a legal entity. `Enterprise' includes illicit as well as licit enterprises." R.C. 2923.31(C).
"Pattern of corrupt activity" means two or more incidents of corrupt activity, whether or not there has been a prior conviction, that are related to the affairs of the same enterprise, are not isolated, and are not so closely related to each other and connected in time and place that they constitute a single event.
R.C. 2923.31(E). At least one of the incidents of corrupt activity must be a felony. Id. The two or more incidents of corrupt activity need not be supported by convictions, but they must be proven beyond a reasonable doubt. State v.Burkitt (1993), 89 Ohio App.3d 214, 222-223.
Included in subsection (2)(c) of R.C. 2923.31(I) is the following definition of corrupt activity:
 Any violation of section 2907.21, 2907.22, 2907.31, 2913.02, 2913.11, 2913.21, 2913.31, 2913.32, 2913.34, 2913.42, 2913.47, 2913.51, 2915.03, 2925.03, 2925.04, 2925.05, or 2925.37 of the Revised Code, any violation of section 2925.11 of the Revised Code that is a felony of the first, second, third, or fourth degree and that occurs on or after July 1, 1996, any violation of section 2915.02 of the Revised Code that occurred prior to July 1, 1996, any violation of section 2915.02 of the Revised Code that occurs on or after July 1, 1996, and that, had it occurred prior to that date, would not have been a violation of section 3769.11 of the Revised Code as it existed prior to that date, any violation of section 2915.06 of the Revised Code as it existed prior to July 1, 1996, or any violation of division (B) of section 2915.05 of the Revised Code as it exists on and after July 1, 1996, when the proceeds of the violation, the payments made in the violation, the amount of a claim for payment or for any other benefit that is false or deceptive and that is involved in the violation, or the value of the contraband or other property illegally possessed, sold, or purchased in the violation exceeds five hundred dollars, or any combination of violations described in division (I)(2)(c) of this section when the total proceeds of the combination of violations, payments made in the combination of violations, amount of the claims for payment or for other benefits that is false or deceptive and that is involved in the combination of violations, or value of the contraband or other property illegally possessed, sold, or purchased in the combination of violations exceeds five hundred dollars[.]
Possession of cocaine is at least a fourth degree felony "[i]f the amount of the drug involved exceeds five grams * * * of cocaine that is not crack cocaine or exceeds one gram * * * of crack cocaine[.]"[1] R.C. 2925.11(C)(4)(b). Greater quantities of cocaine would result in felonies of greater degrees. See R.C. 2925.11(C)(4)(c)-(f).
The evidence before the jury consisted of the following: Bassam Talafah, while acting as a confidential informant during December 1996, told officials that a subject was returning to Akron, Ohio from New York to sell cocaine. Talafah identified the car that was carrying the cocaine as a red Beretta with temporary tags. Using Talafah's information, the drug task force Cen-Tac set up surveillance and spotted Defendant's vehicle. After initiating a traffic stop, the officers searched the vehicle and recovered 100 grams of cocaine in the trunk. There was no testimony as to the price paid for the cocaine or its value. The record revealed that Defendant then became a confidential informant under Detective Kovein.
Larry Boso, who was also indicted in this matter, testified that during 1998 he would re-rock cocaine for Defendant and David Nelson to sell. Boso testified that once he was given four ounces to re-rock that was valued at $500 to $1000. Next, Hani Faris testified that Defendant has told her that he gets his drugs from Colombian people in New York. She knew his best customers and the places he would go to sell the cocaine. Farris testified that Defendant would buy the cocaine in a package that ranged from $500 to $1000 for a couple ounces and after he mixed it, would sell it for $100 a gram.
Tony Cox, an admitted drug dealer, testified that during 1997 Defendant dealt with him over one hundred times. He would sell approximately 4.5 ounces of cocaine to Defendant and his girl friend, Kim Hefner for $1,200. During the course of their dealings, Defendant would often urge Cox to come with him to Chicago where he could get the same amount of cocaine for only $700. Adam Starcher also testified that he sold and bought cocaine from Defendant. He stated that Defendant was his business partner because he would sell marijuana, while Defendant sold cocaine.
Lastly, James Rollins testified that he was addicted to cocaine and would often purchase it from Defendant. He further stated that once he traded Defendant cell phones that were stolen for cocaine. On June 10, 1998, Defendant was again arrested, along with his girlfriend Kim Hefner and brother-in-law Eddie Medina, for possession of cocaine. The amount of cocaine seized was over one hundred grams.
Upon reviewing the record, this Court concludes that Defendant's conviction was supported by sufficient evidence. In order to sustain a conviction for engaging in a pattern of corrupt activity, the two (or more) incidents of corrupt activity must have each been proven to be valued at $500. In the case at bar, there was evidence that Defendant possessed several ounces of cocaine and sold it to various witnesses. The evidence in this case reveals that on several occasions Boso re-rocked cocaine for Defendant into portions that was more than one gram and exceeded $500. Cox also indicated that, on more than one occasion, he would sell Defendant cocaine in an amount that was greater than one gram, and the value of the contraband involved in these incidents exceeded $500. Viewing the evidence in a light most favorable to the prosecution, there was the requisite quantum of evidence for the jury to find that Defendant engaged in a pattern of corrupt activity. Therefore, Defendant's argument concerning his conviction for engaging in a pattern of corrupt activity is not well taken.
 B.Conspiracy to Engage in a Pattern of Corrupt Activity
Defendant was also convicted of one count of conspiracy to engage in a pattern of corrupt activity. R.C. 2923.01(A)(2) states: "No person, with purpose to commit or to promote or facilitate the commission of * * * engaging in a pattern of corrupt activity * * * shall * * * [a]gree with another person or persons that one or more of them will engage in conduct that facilitates the commission of * * * the specified offense." R.C. 2923.01(B) further requires that
 No person shall be convicted of conspiracy unless a substantial overt act in furtherance of the conspiracy is alleged and proved to have been done by the accused or a person with whom the accused conspired, subsequent to the accused's entrance into the conspiracy. For purposes of this section, an overt act is substantial when it is of a character that manifests a purpose on the part of the actor that the object of the conspiracy should be completed.
"[A]n overt act is an open act, done outwardly, without attempt at concealment, and performed pursuant to and manifesting a specific intent or design." State v. Papp
(1980), 68 Ohio App.2d 21, 23.
Viewing the evidence in a light most favorable to the State, this Court concludes that there was ample evidence to support Defendant's conspiracy conviction.
Several witnesses testified as to Defendant's involvement in the drug ring at issue here. Many of them were also charged in the indictment against Defendant. Both the possession of cocaine and its sale were overt acts in furtherance of the conspiracy. In addition, the jury was fully informed of the criminal dealings and background of the other co-conspirator witnesses. The determination of the credibility of witness is primarily within the province of the jury. See State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. The jury was entitled to believe the testimony of the State's witnesses. Indeed, this is not a case where the evidence weighs heavily in Defendant's favor. Accordingly, Defendant's first assignment of error is overruled.
 III. Assignment of Error Number Two The trial court erred in allowing unfairly prejudicial evidence of Defendant's prior convictions to be considered by the jury.
In his second assignment of error, Defendant has argued that the evidence of his prior convictions for Obstructing Justice, a violation of R.C. 2921.32, and Receiving Stolen Property, a violation of R.C. 2913.51, was prejudicial. Essentially, he has asserted that the evidence was inadmissible because he did not testify. This Court disagrees.
The case at bar involved a conspiracy of drug trafficking. Defendant's prior record was needed to show that he engaged or conspired in this drug enterprise. His assignment of error is not well taken because R.C. 2923.31(I)(2)(c) specifically states that a violation of R.C. 2921.32 and R.C. 2913.51 are conduct that constitute a "corrupt activity." The record further reveals that the above violations were indicted as predicate acts. Because the evidence was properly offered toward satisfying the State's burden of proof regarding the charge for engaging in a pattern of corrupt activity, Defendant's second assignment of error is overruled.
 IV.
Defendant's assignments of error are overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed equally to both parties.
Exceptions.
 ___________________________ BETH WHITMORE
FOR THE COURT, BATCHELDER, P. J. SLABY, J., CONCUR.
[1] Five grams equals 0.1765 ounces, or a little more than one-sixth of an ounce.