THE STATE OF OHIO, APPELLEE, *v.* WILLIAMS, APPELLANT.

(No. 80AP-762—Decided April 14, 1981.)

Mr. *Michael Miller*, prosecuting attorney, and Ms. *Karen Martin*, for appellee.

Mr. *James Kura* and Ms. *Barbara J. Slutsky*, for appellant.

NORRIS, J. This matter is before us on the appeal of defendant-appellant, George Williams, from his conviction for aggravated burglary at the conclusion of a trial to a jury in the Court of Common Pleas of Franklin County. Defendant had been indicted for one count of aggravated burglary and one count of attempted aggravated burglary. He was found not guilty of attempted aggravated burglary.

Immediately prior to trial, counsel for defendant moved to sever the two counts for purposes of trial. The motion was denied.

At trial, testimony was introduced seeking to show that defendant had been interrupted, on June 18, 1980, while attempting to remove a window screen at the residence of Olivia Sheard. It was on this charge that defendant was ultimately found not guilty.

Testimony was also produced by the state to attempt to prove that, on June 20, 1980, defendant was discovered by Michael Peoples to be partially through a bathroom window in Peoples' apartment; that defendant fled; and that Peoples pursued and then caught defendant, holding him until police arrived. Peoples was the only witness for the state who could identify defendant as the person who was breaking into his bathroom. Defendant, through cross-examination of the state's witnesses and testimony of a defense investigator, attempted to show that Peoples was not in a position to accurately identify defendant, and that Peoples' credibility was open to question due to inconsistent versions he had given of the event. The defendant did not testify on his own behalf.

Defendant raises two assignments of error:

"1. The trial court erred in restricting appellant's right to cross-examine for impeachment purposes the state's sole identification witness, as guaranteed by the Sixth and Fourteenth Amendments of the Constitution.

"2. The trial court erred in overruling appellant's motion to sever the counts of aggravated burglary and attempted aggravated burglary for purposes of trial."

In his first assignment of error, defendant argues that the trial judge erred in not permitting him to cross-examine the state's key witness, on the offense of which defendant was ultimately convicted, concerning an allegedly falsified employment application which was made approximately four years prior to trial, in an effort to impeach the witness' credibility.

The following interchange took place between the judge and defense counsel concerning the proffered testimony:

"Mr. Williams: In investigating his background, he said he worked for Dick Moling for a year and the chief investigator talked to people at Dick Moling & Associates about Mr. Peoples, and discovered that he worked there only six days, rather than a year, and that he was not taken back because he had falsified information on his job application.

"The Court: When was that done?

"Mr. Williams: I do not know, and this is the information coming from —

"The Court: So, actually, you are basing your question on hearsay, right?

"Mr. Williams: Your Honor, I'm just basing it on a good-faith question and —

"The Court: This is back in '76, you said?

"Mr. Williams: I believe so.

"The Court: Okay. I'll sustain your objection, Mr. Beal.

"Very well.

"Mr. Williams: Rule 608 —

"The Court: We have read the rule together, thank you."

Evid. R. 608(B) reads, in pertinent part, as follows:

"Specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of crime as provided in Rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, *if clearly probative* of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning his character for truthfulness or untruthfulness * * * " (Emphasis added.)

Under the quoted portion of Evid. R. 608(B), particular instances of conduct, though not the subject of a criminal conviction, may be inquired into on cross-examination of a principal witness. Effective cross-examination demands that some allowance be made for going into matters of this kind. But, because the potential for abuse is high, through unfair prejudice, confusion of issues, and misleading of the jury, safeguards are erected in the form of requiring that the instances inquired into must be *clearly probative of truthfulness or untruthfulness*. The Rule reserves to the trial judge the same discretion, in ruling upon the permissibility of questions upon cross-examination which are irrelevant to the guilt or innocence of the accused, but are designed only to impeach or discredit a witness' testimony, as was permitted by Ohio case law prior to the adoption of the Rules of Evidence. See *Pryor* v. *Webber* (1970), 23 Ohio St. 2d 104, at 115 [52 O.O.2d 395].

In this case, under the totality of the circumstances, we are unable to say that the trial court abused its discretion in excluding the line of questioning proffered by defense counsel. The testimony sought to be elicited concerned an event which occurred approximately four years prior to this trial. Defense counsel was permitted considerable latitude in questioning this same witness and other witnesses

concerning inconsistencies in this witness' testimony.

We are fully aware of the critical nature of cross-examination as it affects the credibility of the state's prime witness, and the need for wide latitude in that regard. However, under Evid. R. 608(B), the ability of trial counsel to discredit a witness through cross-examination concerning particular conduct of the witness is not absolute; it is limited in its exercise to the court's sound discretion in determining if the inquiry will lead to particular instances of conduct which are clearly probative of untruthfulness. In this case the court did permit defendant wide latitude in that regard. We also note that defense counsel made no effort to prove that the witness had falsified an employment application by presenting testimony to that effect from his former employer or others.

Defendant places great reliance upon the opinion in *State* v. *Browning* (1954), 98 Ohio App. 8 [57 O.O. 37], which is a leading case in Ohio defining the permissible scope of cross-examination of a witness for impeachment purposes. However, the trial judge in that case repeatedly and consistently prevented defense counsel from impeaching the state's chief witness on cross-examination to the point that the constitutional right of the defendant to confront the witness was effectively denied. This is not the case here, where the trial judge permitted counsel a wide latitude in examining the state's witness.

The first assignment of error is overruled.

In his second assignment of error, defendant argues that the trial court abused its discretion in refusing to sever the two charges and grant defendant a separate trial on each.

R.C. 2941.04 provides, in pertinent part, that:

"An indictment * * * may charge two or more different offenses * * * of the same class of crimes or offenses, under separate counts * * *

"* * * The court in the interest of justice and for good cause shown, may order different offenses or counts set forth in the indictment * * * tried separately * * *."

Crim. R. 14 similarly provides that:

"If it appears that a defendant * * * is prejudiced by a joinder of offenses * * * in an indictment * * * the court shall order an election or separate trial of counts, * * * or provide such other relief as justice requires. * * *"

In construing R.C. 2941.04, the Supreme Court has declared that it is "* * * within the discretion of the trial court as to whether an accused shall be tried separately on the different counts of an indictment. * * *" *Braxton* v. *Maxwell* (1965), 1 Ohio St. 2d 134, at 135 [30 O.O.2d 486]. And, under Crim. R. 14, "[a] defendant who asserts that joinder is improper has the burden of making an affirmative showing that his rights will be prejudiced * * *" by the joinder. *State* v. *Roberts* (1980), 62 Ohio St. 2d 170, at 175 [16 O.O.2d 201], certiorari denied (1980), 449 U.S. 879.

It is readily apparent that on virtually any occasion when, at one trial, a defendant is to be tried for the commission of more than one offense, there will be a risk of prejudice to his cause. But the Supreme Court has made it clear that it is actual prejudice, not risk of prejudice, with which we must concern ourselves.

A survey of the texts and case law suggests three kinds of potential prejudice to a defendant under these circumstances:

(1) The jury may consider a person charged with more than one crime a bad person, and the evidence of the multiple crimes may accumulate to his detriment. Thus, prejudice might be established in a complex case where evidence on each charge could not easily be segregated by the jury. See *State* v. *Roberts, supra.*

(2) Where the evidence is clear that the defendant is guilty of one offense, that

evidence might be used by the jury to convict him of another offense on which there is little evidence of guilt. It appears from the cases that, if a defendant is able to carry his burden of showing prejudice here, he would also be able to show his conviction on the second offense was contrary to the manifest weight of the evidence; according to the Supreme Court in *State* v. *Roberts, supra,* the defendant might have to demonstrate that he would not have been convicted on the second charge, absent the joinder.

(3) Prejudice may arise where a defendant wishes to testify in his own defense on one charge but not on another. Here again, the Supreme Court has raised the defendant's burden to a high plateau — he must make a "convincing" showing that he had important testimony to give in one case and a strong need to refrain from testifying in the other. *State* v. *Roberts, supra,* at pages 176-177.

Of these three types of prejudice, the last two are not applicable to this case — the defendant was acquitted of the attempted aggravated burglary charge, and no argument was made at trial that defendant's failure to testify was related to his having been forced into the kind of choice suggested by the third category.

In making his motion for severance, defense counsel addressed the risk to his client that the evidence might accumulate against him and result in at least one conviction and that one trial on two separate crimes would make it appear to the jury that "each of the crimes was more likely to have occurred given the fact that there is evidence of another similar offense being charged against this man in a couple of days" (transcript).

While we might agree that the risk of prejudice to defendant's cause was inherent in trying the offenses together and placed defendant in a disadvantageous and unfair position at trial, the test prescribed by the Supreme Court for our application is not one of risk of prejudice, or even of fairness. Instead, the burden was upon the defendant to either affirmatively demonstrate before trial that his rights would be prejudiced by the joinder, or to show at the close of the state's case, or at the conclusion of all the evidence, that his rights actually had been prejudiced by the joinder. See *State* v. *Owens* (1975), 51 Ohio App. 2d 132 [5 O.O.3d 290]. Here, the defendant did not make a showing of prejudice in his pretrial motion; his argument, at best, raised a risk of prejudice. Defendant made no effort at the close of the case, by renewing his motion, to demonstrate that his rights actually had been prejudiced at trial due to the joinder.

Nor was there actual prejudice to defendant. Here, the evidence concerning the charges against defendant was susceptible to easy segregation by the jury. That the jury was able to segregate the evidence is supported by its finding that defendant was not guilty on one charge and was guilty of the other. In addition, the court correctly and firmly instructed the jury that it was not to consider evidence on one charge as evidence of defendant's guilt on the other charge. The second assignment of error is overruled.

Both assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH, P.J., and MOYER, J., concur.