Appellant Diego Nelson appeals the decision of the trial court convicting him of carrying a concealed weapon and having a weapon while under disability. Nelson assigns the following five errors for our review:
 I. THE TRIAL COURT'S DENIAL OF APPELLANT'S RULE 29 MOTION FOR ACQUITTAL REGARDING COUNTS ONE AND THREE OF THE INDICTMENT VIOLATED APPELLANT'S RIGHT TO DUE PROCESS OF LAW UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION BECAUSE THE EVIDENCE WAS INSUFFICIENT TO PROVE THAT APPELLANT VIOLATED OHIO REVISED CODE SECTION 2923.12.
 II. APPELLANT'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 III. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION IN LIMINE REGARDING TESTIMONY THAT APPELLANT WAS SEEN ON A PREVIOUS OCCASION WITH A WEAPON.
 IV. THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING APPELLANT'S MOTION IN LIMINE AND ADMITTING EVIDENCE RELATED TO OFFICER PITTS' RADIO BROADCAST THAT APPELLANT HAD A WEAPON BECAUSE SUCH BROADCAST RELIED UPON INADMISSABLE HEARSAY.
 v. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION IN LIMINE AND MOTION FOR A SEPARATE TRIAL.
Having reviewed the record and the legal arguments of the parties, we affirm the decision of the trial court. The apposite facts follow.
The State of Ohio charged Nelson with carrying a concealed weapon, possession of criminal tools, and having a weapon while under disability with a firearm specification[1]. The evidence presented at trial revealed that on October 22, 1996, Cleveland police officers John Pitts and his partner Louis Pipoly heard a dispatch broadcast that a man with a gun threatened a group of men on St. James Avenue. The officers responded to the area and found that the altercation was over. After speaking to a witness at the scene, the officers resumed their patrol.
Fifteen minutes later, the officers heard a broadcast that two other officers had spotted a vehicle believed to have been at the scene on the St. James incident. While en route to the location of the suspect vehicle, Pitts radioed his fellow officers and told them that a male named Diego left the earlier altercation in a white automobile and was armed with a gun. Shortly thereafter, Pitts received word that Sweeney was chasing a suspect on foot. When he arrived at the scene of the suspect vehicle, Pitts observed a four-door white Nissan automobile.
Detective Dennis Sweeney testified that he heard the description of the suspect vehicle over the radio and later spotted a similar vehicle on Sobieski Avenue. As Sweeney and his partner Josavito Sandoval approached the vehicle, he saw a man later identified as Bryan Washington exit the driver's door. Sweeney saw a male he recognized as Diego Nelson exit the vehicle's back seat and begin walking behind the car. When Sweeney ordered him to "come here," Nelson ran away through nearby yards. Sweeney chased Nelson on foot but abandoned the pursuit when he encountered a large dog.
Officer Pipoly stated that while shining his flashlight into the Nissan, he spotted the grip of a gun underneath a sweater-vest on the back seat of the car. Pipoly moved the sweater and found a .357 Magnum pistol loaded with seven hollow-point bullets. Bryan Washington was arrested at the scene. Nelson turned himself in several days later.
At trial, the state presented the testimony of the investigating officers. The defense presented testimony from Bryan Washington who testified that he never knew the gun was in his car. Washington also testified that another man, Jamal Shannon, had been in the front passenger seat of the car before police arrived.
The jury convicted Nelson of carrying a concealed weapon and having a weapon while under disability. The trial court sentenced Nelson to two concurrent six month sentences.[2] This appeal followed.
In his first assignment of error, Nelson argues the trial court erred in denying his motion for acquittal under Crim.R. 29. "A motion for a judgment of acquittal is properly denied when the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime had been proved beyond a reasonable doubt." State v.Beaver (1997), 119 Ohio App.3d 385, 390, appeal dismissed (1997), 79 Ohio St.3d 1504.
In order to convict Nelson of carrying a concealed weapon, the state had to prove that he knowingly carried or had concealed on his person or ready at hand a deadly weapon or dangerous ordnance. R.C. 2923.12. R.C. 2923.12 prohibits having a deadly weapon concealed where it may be readily picked up and used. See State v. Orin (1992), 84 Ohio App.3d 812, 815, citing Committee Comment to R.C. 2923.12. The state presented testimony that a police officer observed Nelson getting out of the back seat of a four door automobile. The police removed a .357 Magnum firearm from the back seat of the vehicle, immediately to the left of where Nelson had been sitting. The firearm was fully loaded with seven hollow point bullets and was operable. Nelson had immediate, easy access to the firearm. A sweater-vest concealed the firearm, and only the butt of the handle and the metal portion of the back strap appeared visible. A partially concealed weapon has been found to be "concealed" for purposes of R.C. 2923.12. See State v. Amalik
(1987), 41 Ohio App.3d 101, 105; State v. Gregory (1993),90 Ohio App.3d 124, 130, jurisdictional motions overruled (1993),68 Ohio St.3d 1421.
We conclude that reasonable minds could reach different conclusions as to whether the offense of carrying a concealed weapon had been proved beyond a reasonable doubt. Nelson's first assignment of error is overruled.
In his second assignment of error, Nelson argues his conviction was against the manifest weight of the evidence. "Weight of the evidence concerns 'the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other.' "State v. Smith (1997), 80 Ohio St.3d 89, 113, certiorari denied (1998), 118 S.Ct. 1811. When reviewing this assignment of error, we must bear in mind that the weight of the evidence and the credibility of witnesses are primarily for the trier of fact and we must not reverse the jury's verdict if a reasonable juror could conclude that the state proved the offense beyond reasonable doubt. See State v. Hairston (July 28, 1997), Cuyahoga App. No. 70745, unreported. As outlined in our discussion of Nelson's first assignment of error, the state presented evidence that a loaded gun was found in the car immediately adjacent to where Nelson was sitting. At the time police approached the vehicle, Nelson and Bryan Washington were the only people in the car. Washington denied owning the gun or knowing that it was inside the car. When approached by police, Washington stayed on the scene and cooperated with the police while Nelson fled the scene on foot. Flight has been repeatedly held to be evidence of consciousness of guilt. State v.Williams (1997), 79 Ohio St.3d 1, 11, certiorari denied (1998),118 S.Ct. 703; State v. Taylor (1997), 78 Ohio St.3d 15, 27, certiorari denied (1997), 118 S.Ct. 143; State v. Chapman (July 2, 1998), Cuyahoga App. No. 72532, unreported. After reviewing all the evidence presented, we conclude that a reasonable juror could properly have concluded that the state proved its case beyond a reasonable doubt. Nelson's second assignment of error is overruled.
Nelson's third and fourth assignments of error are interrelated and will be discussed together. Nelson argues the trial court erroneously denied his motion in limine to prevent testimony from Officer Pitts that, while investigating the first St. James altercation, he learned a male named Diego left the scene in a white car and was carrying a weapon. Nelson argues the testimony should have been excluded as hearsay.
"Testimony concerning the basis or reason for an officer's actions during an investigation is not considered hearsay. * * * It is well established that extrajudicial statements made by an out-of-court declarant are properly admissible to explain the actions of a witness to whom the statement was directed."State v. Williams (1996), 115 Ohio App.3d 24, 44 (citations omitted.) See also State v. Blevins (1987), 36 Ohio App.3d 147,149; State v. Parson (1990), 67 Ohio App.3d 201, 207. In this case, the state presented testimony regarding the radio broadcast in order to explain why the officers targeted the white Nissan automobile, not for its truth.
Furthermore, the trial court gave the following instruction to the jury:
 Ladies and gentlemen, you heard testimony during this trial concerning police radio broadcasts. You are instructed this testimony was offered for the purpose of explaining the conduct of the police officers in their investigation and for no other purpose. It may not be considered by you as evidence as to any elements of the crimes charged in this indictment.
(Tr. 318.)
Under the circumstances, we conclude the trial court did not err in admitting the challenged testimony. Any potential prejudice from the testimony was effectively cured by the trial court's instructions. It is presumed that a jury will follow the instructions given to it by the trial court. Pang v. Minch
(1990), 53 Ohio St.3d 186, 187 at par. 4 of syllabus.
In his fifth assignment of error, Nelson argues the trial court abused its discretion in denying his motion in limine to exclude evidence of his prior drug convictions and his alternate motion for a separate trial on the prior offense specification of the indictment. Nelson argues that, once the jury knew he had a prior drug trafficking conviction, there was a high probability they would conclude that he must be guilty of carrying a concealed weapon. However, such speculation is not enough to establish reversible error by the trial court. "[T]he Supreme Court has made it clear that it is actual prejudice, not risk of prejudice, with which we must concern ourselves." State v. Williams (1981), 1 Ohio App.3d 156, 158. A refusal to order separate trials is not reversible error unless the defendant can affirmatively demonstrate that his rights were prejudiced. Id. See also State v. Torres (1981), 66 Ohio St.2d 340,343; State v. Decker (1993), 88 Ohio App.3d 544,552.
This court has held that because prior convictions are elements of the crime of Having a Weapon While Under Disability, they must be proven by the state beyond a reasonable doubt. State v. Wright (June 27, 1996), Cuyahoga App. No. 69386, unreported, appeal dismissed (1996), 77 Ohio St.3d 1488. We noted that the legislature must have intended for the prior convictions to be proven to the jury or it would have provided for a bifurcated procedure in such cases. Accordingly, we conclude the trial court did not err in denying Nelson's motion in limine or his alternate motion for separate trial on the prior offense specification. Nelson's fifth assignment of error is without merit.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DYKE, P.J., and SPELLACY, J., CONCUR.
 __________________________ PATRICIA ANN BLACKMON JUDGE
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).
[1] The possession of criminal tools count was later nolled and the firearm specification in count three was deleted.
[2] Nelson also received concurrent six month sentences upon his guilty plea in another case (346117) to fleeing and eluding, grand theft motor vehicle, and vandalism.