OPINION
{¶ 1} Defendant-appellant Richard Marshall appeals from his conviction and sentence in the Richland County Court of Common Pleas on one count of unlawful sexual conduct with a minor, one count of having weapons while under disability and one count of discharging a firearm at or into a habitation, with a firearm specification. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On January 28, 2003, defendant-appellant Richard Marshall [hereinafter appellant] was indicted on one count of unlawful sexual conduct with a minor, in violation of R.C. 2907.04(A)(3). The indictment stated that the unlawful sexual conduct took place between July 1, 2002, and October 17, 2002. This case was assigned case number 03-CR-14H.
 {¶ 3} Subsequently, appellant was indicted on one count of having weapons while under disability, in violation of R.C. 2923.12(A)(2), and one count of discharge of a firearm at or into a habitation, in violation of R.C. 2923.161(A)(1), with a firearm specification. These charges arose from an incident that allegedly occurred on December 18, 2002. These weapon charges were assigned case number 03-CR-184H.
 {¶ 4} The charges arose from the following circumstances. Appellant, who was 39 years of age at the time, was having a sexual relationship with a 14 year old minor during the period of July 1, 2002, and October 17, 2002. Previously, appellant had been dating the minor's mother. The minor became pregnant. After the minor's parents, Leona and Alex (known as "Chuckie"),[1] discovered the pregnancy and that appellant was the father, a confrontation at a bar arose between appellant and Chuckie. That same night, appellant went to the minor's house and appellant and Chuckie exchanged words. According to the minor, appellant had a handgun and was threatening her father. Appellant left. Chuckie then went to appellant's residence. Evidence showed that appellant went outside and gunshots were heard. Other evidence from neighbors was introduced which implicated appellant in the shooting. After the shooting, appellant left before the police arrived.
 {¶ 5} Subsequent to pretrials in the two cases, both cases were set for trial on the same date. Appellant filed a motion to bifurcate the cases. Appellant argued that the two cases were not related in time or substance and that to try both cases at the same time would be overly prejudicial to appellant. The State filed a motion for joinder requesting that the trial court allow the cases to remain set together. The State argued that the offenses involved could have been joined in a single indictment but were not due to the pending investigation. The trial court ordered that the cases continue to be joined.
 {¶ 6} The cases came to trial on October 6, 2003. Prior to the start of the trial, appellant's counsel renewed the objection to the trial court's denial of the motion to bifurcate the cases. After a discussion at the bench, the trial court denied the renewed motion and the trial proceeded as to both cases.
 {¶ 7} Ultimately, the jury found appellant guilty of unlawful sexual conduct with a minor, having weapons while under disability and discharging a firearm at or into a habitation, with firearm specification. On October 10, 2003, the trial court sentenced appellant to serve three years of incarceration on the unlawful sexual conduct with a minor count, three years of incarceration on the count of discharging a firearm at or into a habitation and one year of incarceration on having the weapons while under disability count. The trial court ordered that the three year sentence on the discharge of a firearm count be served concurrently to the one year sentence on having weapons while under a disability count and that the sentences on those two counts be served consecutively to the sentence on the unlawful sexual conduct with a minor count. In addition, the trial court sentenced appellant to a three year sentence on the firearm specification, to be served consecutively to the sentence on the unlawful sexual conduct with a minor count.
 {¶ 8} It is from this conviction and sentence that appellant appeals, raising the following assignments of error:
 {¶ 9} "I. The trial court erred when it denied defendant's motion to bifurcate Case Number 03-CR-14H and 03-CR-184H, set jointly for trial, pursuant to two separate indictments, because same unfairly prejudiced the defendant.
 {¶ 10} "II. There was insufficient evidence to support the jury's verdicts of guilty as to the weapon charges and the unlawful sexual conduct with a minor charge.
 {¶ 11} "III. The defendant/appellant's conviction was against the manifest weight of the evidence, effectively denying the defendant/appellant of a fair trial and due process of law as guaranteed by the United States Constitution and Ohio Constitution.
 {¶ 12} "IV. The trial court erred in sentencing the defendant/appellant to consecutive sentences without making the appropriate findings to support consecutive sentences."
 I {¶ 13} In the first assignment of error, appellant contends that the trial court erred when it denied appellant's motion to bifurcate case numbers 03-CR-14H and 03-CR-184H. Appellant asserts that he was prejudiced by this error because the jury was likely to utilize evidence as to the sex offense to support convictions on the weapons charges. Appellant contends that this is especially likely due to the unsavory nature of the sex offense and the fact that the child victim became pregnant and then chose to abort the pregnancy. Appellant also contends that he was prejudiced because he was unable to testify concerning the sexual offense because he decided to exercise his right not to testify in regards to the weapons offense. We find no grounds for reversal.
 {¶ 14} Criminal Rule 13 concerns when cases may be tried together: "The court may order two or more indictments or informations or both to be tried together, if the offenses or the defendants could have been joined in a single indictment or information. The procedure shall be the same as if the prosecution were under such single indictment or information." Criminal Rule 8(A) provides when offenses may be charged in the same indictment: "Two or more offenses may be charged in the same indictment, information or complaint in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character, or are based on the same act or transaction, or are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan, or are part of a course of criminal conduct."
 {¶ 15} This Court's standard of review is abuse of discretion. Statev. Williams (1981), 1 Ohio App.3d 156, 440 N.E.2d 65. Further, upon appeal, the defendant has the burden of affirmatively showing his rights would be prejudiced by improper joinder. State v. Torres (1981),66 Ohio St. 2d 340, 421 N.E.2d 1288 (citing State v. Roberts (1980),62 Ohio St.2d 170, 405 N.E.2d 247). More specifically, he has the burden of furnishing the trial court with sufficient information so that it could weigh the considerations favoring joinder against the defendant's right to a fair trial. State v. Torres, supra. at 343. Prejudice arises when there is little evidence of guilt on one count but the case is complex and the evidence cannot be easily segregated by the jury or when there is clear evidence the defendant is guilty of one offense and the evidence might be used by the jury to convict defendant on another offense. State v. Roberts, supra; State v. Williams, supra.
 {¶ 16} In the case sub judice, the trial court did not abuse its discretion when it joined cases 03-CR-14H and 03-CR-184H for trial. Both cases involved appellant's sexual relationship with the same minor. The motives and evidence for both cases were interrelated. The cases arose out of a continuing course of events beginning with appellant's relationship with the minor's mother and continuing with appellant's sexual relationship with that minor. That relationship resulted in a pregnancy and culminated with a confrontation between appellant and the minor's father. If the indictments had been tried separately much of the same evidence and testimony would have necessarily been elicited for both cases. Furthermore, it is clear that the evidence could be easily segregated.
 {¶ 17} Accordingly, appellant's first assignment of error is overruled.
 II {¶ 18} In the second assignment of error, appellant argues that there was insufficient evidence to support the jury's verdicts of guilty as to the unlawful sexual conduct with a minor count and the weapons charges. We disagree.
 {¶ 19} In State v. Jenks (1981), 61 Ohio St.3d 259, 574 N.E.2d 492, the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. The Ohio Supreme Court held as follows: An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. at paragraph two of the syllabus.
 {¶ 20} We will first address the unlawful sexual conduct with a minor charge. The elements of this offense are as follows: "(A) No person who is eighteen years of age or older shall engage in sexual conduct with another, who is not the spouse of the offender, when the offender knows the other person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard." R.C. 2907.04(A).
 {¶ 21} Specifically, appellant argues that there was no evidence that the victim ever admitted or discussed her age with appellant and that the victim only "believed" that appellant knew her age. Appellant asserts that this evidence, combined with the fact that the victim's friend with whom she "hung out" with was 18, demonstrates a lack of sufficient evidence on the element of knowledge to support appellant's conviction.
 {¶ 22} We find there was sufficient evidence that showed that appellant knew the victim was less than 16 years of age or was reckless in that regard. Appellant had been dating the victim's mother in the past, prior to appellant's sexual relationship with the victim, and had been in the victim's home for meals on several occasions. Appellant had attended one of the victim's birthday parties. The victim's mother testified that the victim's school work and grade cards were displayed on the refrigerator from time to time. In addition, the jury had the opportunity to see the victim for themselves. Thus, the jury could observe the victim's appearance and judge for themselves.
 {¶ 23} We also find it relevant that the evidence showed that appellant and the victim were conducting their relationship in a secretive manner, meeting in an alley, on the street or in a hotel. There was also evidence that appellant made statements to the victim that once she turned 18, she could reveal that appellant was the father of her child.
 {¶ 24} When all of this evidence is taken into account and viewed in a light most favorable to the State, a rational trier of fact certainly could have come to the conclusion that the State proved that the knowledge element had been met.
 {¶ 25} We will now turn to the weapons charges. Appellant was charged with one count of having weapons while under disability and one count of discharge of a weapon at or into a habitation, with a firearm specification. R.C. 2923.12(A)(2), R.C. 2923.161(A)(1), and R.C. 2945.145, respectively. The elements of having weapons while under a disability are as follows: "(A) No person shall knowingly carry or have, concealed on the person's person or concealed ready at hand, any of the following: . . . [a] handgun other than a dangerous ordnance. . . ." R.C. 2923.12(A)(2). The elements of the offense of discharge of a firearm at or into a habitation are as follows: "No person, without privilege to do so, shall knowingly . . . [d]ischarge a firearm at or into an occupied structure that is a permanent or temporary habitation of any individual. . . ." R.C. 2923.161(A)(1). In connection with that charge, there was a firearm specification which required the jury to find that appellant had a firearm on or about his person or under his control while committing the offense and displayed the firearm, brandished the firearm, indicated that he possessed the firearm, or used it to facilitate the offense. R.C. 2945.145.
 {¶ 26} Specifically, appellant asserts that there was 1) no conclusive evidence that a bullet was shot into the structure because no bullet was recovered; 2) no weapon was recovered from appellant or the other person present (presumably referring to Chuckie); 3) no evidence that appellant was the person who shot into the structure; and 4) no evidence that appellant knowingly acquired, had, carried or used a firearm. Consequently, appellant submits that there is also insufficient evidence to support the firearm specification.
 {¶ 27} Upon review, we find that the evidence is sufficient to support the convictions. There is evidence that appellant and the minor victim's father, Chuckie, had some verbal exchanges once the victim's parents learned of appellant's sexual relationship with the minor. At one point, appellant went to the victim's home and threatened Chuckie with a handgun. Subsequently, Chuckie went to appellant's home and gunshots were fired.
 {¶ 28} Ralph Mack testified that a bullet was shot into his home and it struck a curio cabinet and nearly missed a child. Admittedly, no bullet was recovered. The crime lab technician who investigated the scene could not find a bullet without tearing out the walls and ceiling. However, the technician testified that the damage to the home was consistent with a bullet fired from a gun. Further, while Chuckie allegedly fired a shotgun at appellant's house, evidence showed that the hole in Mack's house was consistent with a handgun and not a shotgun. Appellant was seen in possession of a handgun that night while Chuckie allegedly fired a shotgun that night.
 {¶ 29} In addition, Mack testified that he had heard appellant's voice amidst the shooting that night. Further, Mack testified that he had a conversation with appellant in which appellant admitted that he (appellant) shot back at Chuckie. Mack also testified that appellant told him that he (appellant) would pay for the cabinet and gave Mack $40.00 toward it. Another witness, Finley Jones, testified that appellant admitted to him that he (appellant) had shot a gun up into the air on the night in question.
 {¶ 30} Appellant's fiancée testified that she was at appellant's home at the time of the shooting. She testified that Chuckie came to appellant's home and fired a shotgun at the house. Appellant then went outside. Shots were heard. After the shooting stopped, appellant left and was not present once the police arrived.
 {¶ 31} Upon review of the evidence in a light most favorable to the State, we find that a rational trier of fact could have found that the State proved that appellant possessed a gun that night and was the shooter that fired a shot that penetrated the home of Ralph Mack.
 {¶ 32} Accordingly, appellant's second assignment of error is overruled.
 III {¶ 33} In the third assignment of error, appellant argues that his conviction was against the manifest weight of the evidence. We disagree.
 {¶ 34} Our standard of review on a manifest weight challenge to a criminal conviction is stated as follows: "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983),20 Ohio App.3d 172, 175, 485 N.E.2d 717. See also, State v.Thompkins (1997), 78 Ohio St.3d 380, 678 N.E.2d 541. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
 {¶ 35} Appellant reiterates his arguments from assignment of error II, asserting that there was lack of substantial evidence from which to reasonably conclude that the elements of the offenses were met. In addition, appellant argues that the trial court's failure to give a limiting instruction regarding the joined cases and the proper apportionment of the evidence and the prejudicial effect of the joinder supports a finding that the convictions are against the manifest weight of the evidence. We disagree.
 {¶ 36} Upon review of the entire record, including the facts previously presented in this opinion, we find that the jury did not lose its way or create a manifest miscarriage of justice.
 {¶ 37} Appellant's third assignment of error is overruled.
 IV {¶ 38} In the fourth and final assignment of error, appellant contends that the trial court erred in sentencing appellant to consecutive sentences without making the appropriate findings to support those sentences. We agree.
 {¶ 39} R.C. 2929.14(E)(4) provides: "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 40} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 41} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 42} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 43} In imposing consecutive sentences, the trial court, at the sentencing hearing, is required to orally make its findings and state its reasons on the record. See State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, 793 N.E.2d 473.
 {¶ 44} A review of the record of the sentencing hearing demonstrates that the trial court failed to make the necessary findings. Accordingly, we must sustain appellant's assignment of error.
 {¶ 45} The judgment of the Richland County Court of Common Pleas is affirmed, in part, and reversed, in part. The sentence imposed is hereby vacated and this matter is remanded for re-sentencing.
Edwards, J. Hoffman, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Richland County Court of Common Pleas is affirmed, in part, and reversed, in part. The sentence is vacated and this matter is remanded to the trial court for re-sentencing. Costs assessed to appellant.
[1] Last names have been omitted intentionally.