[Cite as *State v. Spurgeon*, 2019-Ohio-2951.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
FULTON COUNTY

State of Ohio                                    Court of Appeals No. F-18-010

    Appellee                              Trial Court No. CRB 1800021

v.

Tiffany M. Spurgeon                    **DECISION AND JUDGMENT**

    Appellant                             Decided: July 19, 2019

* * * * *

Scott A. Haselman, Fulton County Prosecuting Attorney, for appellee.

Autumn D. Adams, for appellant.

* * * * *

**ZMUDA, J.**

{¶ 1} Appellant, Tiffany Spurgeon, appeals the judgment of the Fulton County Court, Eastern District, denying her motion to dismiss as a sanction for prosecutor's alleged failure to disclose material evidence in advance of trial and sentencing her to seven days of confinement followed by five years of community control after a jury found her guilty of cruelty to animals. Finding no error, we affirm.

## I. Facts and Procedural Background

**{¶ 2}** On January 10, 2018, appellant was indicted on one count of failing to register a dog in violation of R.C. 955.21, a minor misdemeanor; failing to require a dog to wear its tag in violation of R.C. 955.10, a minor misdemeanor; and cruelty to animals in violation of R.C. 959.13, a misdemeanor of the second degree.[1]  Immediately preceding the July 13, 2018 trial on these charges, appellant made an oral motion for dismissal of all charges based on the prosecutor's failure to disclose allegations of cruelty to animals against the Fulton County Dog Warden in violation of Crim.R. 16 and *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.E.2d 215 (1963).  Following a brief argument, the trial court denied appellant's motion and the matter proceeded to trial. Therein, the following facts were established.

**{¶ 3}** On December 7, 2017, appellant contacted a local animal clinic's emergency phone line to inquire about treatment for her dog's leg injury.  After being advised on first aid treatment, appellant declined emergency services and brought the dog, a boxer, to the clinic the following morning.  There, the veterinarian noted the dog's leg wound and also that it was generally shorter and smaller than comparable dogs of her breed.  The veterinarian performed diagnostic imaging tests of the dog's leg to rule out broken bones and provided it with antibiotics to treat the wound.  She also noted the dog weighed only thirteen pounds at the time of the exam.  She anticipated a boxer aged approximately one

---

[1] The charges for failure to register the dog and failure to require the dog to wear its collar and their resolution are not the subject of this appeal.

year should weigh between fifty and sixty pounds. Appellant testified the dog had been losing weight since approximately Thanksgiving 2017, but she had attempted conservative treatment recommended by a friend rather than seeking professional assistance for that issue.

{¶ 4} Through the initial treatment, the veterinarian attempted to identify a cause of the dog's low weight. This included multiple diagnostic tests of the dog's blood as well as organ function. Following review of the test results, the veterinarian determined the dog's low weight and emaciated state was due to malnourishment from lack of proper feeding. Appellant testified that she fed the dog on a regular schedule and only declined to seek professional treatment for the weight loss issue due to the expense. That notwithstanding, the veterinarian contacted the Fulton County Dog Warden to advise him of her findings. The warden issued a criminal complaint against appellant containing the present charges.

{¶ 5} Since the initial treatment and through trial, the dog remained in the care of the clinic. During that time, with regular feeding, it has gained weight and its leg injury has healed. Appellant continued to contact the clinic for updates on the dog's condition throughout that time. The veterinarian now considers the dog healthy.

{¶ 6} For her defense, appellant offered testimony of one witness, her daughter, and also testified on her own behalf. Appellant's daughter testified the dog was provided with adequate water and served food three times a day. Appellant likewise testified the dog was fed three times a day. She also testified the dog weighed between 22 and 25

3.

pounds at Thanksgiving 2017, and had always been small in stature. The veterinarian testified that based on her examination and the test results she did not believe the dog had been fed on the schedule suggested by appellant. At the conclusion of the trial, the jury found appellant guilty of cruelty to animals in violation of R.C. 959.13 and the matter was continued for sentencing.

{¶ 7} At sentencing, the trial court ordered appellant to serve a 7-day jail term, reserving a 90-day jail term, plus 5 years of community control. It is from this judgment that appellant has filed a timely notice of appeal asserting the following assignments of error:

> *Assignment of Error No. 1*: The trial court abused its discretion in denying Appellant's Motion to Dismiss for the State's failure to produce discovery regarding one of the State's witnesses.

> *Assignment of Error No. 2*: Appellant's conviction is against the manifest weight of the evidence, and Appellant is entitled to a new trial.

## II. Law and Analysis

{¶ 8} In her first assignment of error, appellant argues that the trial court erred in denying her motion to dismiss. Appellant argues dismissal was a proper sanction under Crim.R.16 for the state's alleged failure to disclose material evidence favorable to her defense in violation of her constitutional rights identified in *Brady v. Maryland.* We disagree.

4.

**{¶ 9}** In *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.E.2d 215 (1963), the U.S. Supreme Court stated "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material to either guilt or punishment, irrespective of the good faith or bad faith of the of the prosecution." Evidence subject to disclosure under *Brady* is that which is both favorable and material to the defense. *State v. Davis*, 116 Ohio St.3d 404, 2008-Ohio-2, 880 N.E.2d 31, ¶ 338. For purposes of the disclosure requirement, evidence is only considered material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome. This standard of materiality applies regardless of whether the evidence is specifically, generally or not at all requested by the defense." *State v. Johnston*, 39 Ohio St.3d 48, 529 N.E.2d 898 (1988), citing *United States v. Bagley*, 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed. 481 (1985). "The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense." *State v. Jackson*, 57 Ohio St.3d 29, 33, 565 N.E.2d 549 (1991), citing *United States v. Agurs*, 427 U.S. 97, 109-110, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976). Under these guidelines, we shall first address whether the accusations against the warden were material to appellant's defense and therefore subject to disclosure by the state.

5.

{¶ 10} Appellant argues the state improperly withheld material evidence that the warden charging her with cruelty to animals was, himself, previously accused of cruelty to animals. Appellant argues these allegations are material to her defense as they impact the warden's credibility as a witness. She further argues the state's failure to disclose this information deprived her of a fair trial.

{¶ 11} The record with regard to these allegations consists of appellant's pretrial oral motion to dismiss and the state's response. In support of her motion, appellant argued she received information regarding the allegations against the warden through a public records request to the Ohio Department of Agriculture which were not disclosed by the state prior to her trial. The state acknowledged having been recently made aware of an investigation into the party making the prior allegations against the warden but noted the actual claims of animal abuse were referred to the Ohio Attorney General to avoid a conflict in investigating a fellow county official. The state further noted that the Ohio Attorney General's investigation resulted in no charges being filed against the warden and that the allegations were more than three years old at the time of appellant's trial. Appellant countered that even an allegation of animal cruelty was sufficient to warrant disclosure as the information went to the warden's credibility as one of the state's two witnesses. The trial court denied appellant's motion to dismiss based on the representations of the parties and the matter proceeded to trial.

{¶ 12} Our review of the record reveals nothing to support appellant's argument that the allegations against the warden were material and therefore subject to disclosure

6.

by the state. Allegations of animal cruelty against the warden from three years prior to appellant's trial do not attach to his credibility as a witness. "Under Evid.R. 608(B), the ability of trial counsel to discredit a witness through cross-examination concerning particular conduct of a witness is not absolute; it is limited in its exercise to the court's sound discretion in determining if the inquiry will lead to particular instances of conduct which are clearly probative of untruthfulness." *State v. Whites Landing Fisheries, LLC*, 2017-Ohio-7537, 96 N.E.3d 1236, ¶ 48 (6th Dist.), citing *State v. Williams*, 1 Ohio App.3d 156, 158, 440 N.E.2d 65 (10th Dist.1981). In *White Landing Fisheries*, we affirmed the trial court's order barring attempted impeachment of the state's witness using allegations of past criminal behavior since those allegations, for which no criminal charges were filed, were not clearly probative of the witnesses' untruthfulness. *Id.* at ¶ 52-53. We reach the same conclusion here and find no connection between the warden having been merely accused of animal cruelty and his ability to testify truthfully. Additionally, at trial the warden testified that the basis for the charges against appellant was the information he received from the veterinarian. Therefore, any issue regarding his credibility is unlikely to have resulted in a different outcome as the factual basis for the verdict was established by the veterinarian.

{¶ 13} Accordingly, we find the allegations against the warden were not subject to disclosure by the state as they do not constitute favorable material evidence as described in *Brady*. There is no reasonable probability that had a jury heard the warden was previously accused of animal cruelty it would have reached a different result. This lack

7.

of probability renders the allegations against the dog warden immaterial to appellant's defense and her assignment of error fails.

{¶ 14} Appellant's assignment of error fails for an additional reason. Indeed, her own motion to dismiss reveals her inability to succeed in supporting a *Brady* violation. In her motion to dismiss, she acknowledged her receipt of the allegations prior to trial. Notably, appellant does not argue that additional information was suppressed by the prosecution, but merely that the information in her possession at trial was not disclosed in response to her discovery request. As a result, the information which she complains was not disclosed was in fact available for her use when cross-examining the warden. We note that in addressing an alleged *Brady* violation, "[w]here *** the evidence is revealed in time for the defense to use it effectively at or before trial, no constitutional violation has occurred." *State v. Barzacchini*, 96 Ohio App.3d 440, 454, 645 N.E.2d 137 (6th Dist.1994), citing *United States v. Presser*, 844 F.2d 1275 (6th Cir.1988).

{¶ 15} Here, appellant was aware of the allegations against the warden on the day of trial. She intended to use the animal cruelty allegations to impeach his credibility as a witness. In denying her motion to dismiss, the trial court neither ruled on the admissibility of the allegations nor limited appellant's ability to use the allegations on cross-examination.[2] Therefore, she had all allegedly suppressed information in her

---

[2] With the allegedly suppressed information available for her use at trial, it remains unclear what, precisely, appellant argues constitutes reversible error in the trial court's ruling with regard to the allegations against the warden.

8.

possession at the time of trial and could have attempted to use it during cross-examination of the warden. Nevertheless, appellant failed to question the warden regarding the prior allegations at trial. Having this information available for effective use at trial precludes the finding of a *Brady* violation.

{¶ 16} Since the allegedly suppressed evidence was not material to appellant's defense and therefore not subject to disclosure, and since it was available for her use at the time of trial, we find there was no violation of Crim.R. 16 or *Brady* and appellant's first assignment of error is found not well-taken.

{¶ 17} In her second assignment of error, appellant argues that the jury's verdict was against the manifest weight of the evidence and she is entitled to a new trial as a result. This assignment of error also fails.

{¶ 18} A criminal conviction may be overturned on appeal if it is determined to be against the manifest weight of the evidence. *State v. Butler*, 6th Dist. Lucas No. L-08-1390, 2010-Ohio-178. We previously noted:

> [w]hen examining whether a conviction was contrary to the manifest weight of the evidence, the appellate court serves as a "thirteenth juror" to conclude whether the trial court lost its way so significantly as to result in a manifest miscarriage of justice, necessitating that the conviction be overturned. In reaching this determination, we grant substantial deference to the trial court's decision given its unique opportunity to consider the

9.

evidence presented and to closely observe and assess the demeanor and credibility of the witnesses.

*Id.* at ¶ 11 (internal citations omitted).  Under these guidelines, we find no error in appellant's conviction.

{¶ 19} The record reflects expert testimony from the treating veterinarian regarding the condition of the dog upon its first visit to the clinic.  She testified that the dog was "extremely emaciated" at its first visit and was chewing at a wound on its leg.  She evaluated the dog's "body condition score" as a one out of nine.  The only possible lower score is for a deceased animal.  After reviewing imaging studies of the dog's leg to rule out any bone fractures, she treated the wound with oral and injectable antibiotics along with application of an antibiotic ointment.  She then began performing various blood tests to determine why the dog was underweight.  These results indicated that the dog was not receiving enough nutrients.

{¶ 20} To determine whether the lack of nutrients was a result of a lack of feeding or a medical condition, the veterinarian began feeding the dog on a regular schedule.  It ate each of its meals "ravenously."  Imaging studies revealed no obstruction or foreign body preventing digestion and conversations with appellant indicated no issues with vomiting or diarrhea as an explanation for the weight loss.  She performed subsequent testing for other digestive issues which could have also accounted for the weight loss.  These tests also came back normal.  After eliminating all potential medical causes of the dog's weight loss, and through her own observations of the dog's physical condition, the

10.

veterinarian determined to a reasonable degree of medical certainty that the dog's weight loss was due to lack of food. Since being treated by the veterinarian and remaining in her care, the dog has continued to gain weight and appears healthy.

{¶ 21} The warden's testimony reflects similar observations of the dog's physical condition as being "very thin." After being contacted by the veterinarian, he spoke with appellant about the dog's condition. Ultimately, based on the veterinarian's findings, he filed the criminal complaint on which appellant was convicted.

{¶ 22} After review of the record, including the physical evidence and witness testimony, we find no evidence to conclude that the trial court lost its way so as to cause a manifest miscarriage of justice. The veterinarian testified regarding her elimination of other causes of the weight loss before determining a lack of food as the cause. With this, the jury's conclusion is not against the manifest weight of the evidence and appellant's second assignment of error is found not well-taken.

### III.  Conclusion

{¶ 23} In light of the foregoing, the judgment of the Fulton County Court, Eastern District, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.              _____

                                                   JUDGE

Christine E. Mayle, P.J.

                                             _____

Gene A. Zmuda, J.                                    JUDGE
CONCUR.

                                             _____

                                               JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.